[No. 10,016.]

## THE PEOPLE v. PANCHO VALENCIA.

APPEAL IN CAPITAL CASE.—If a prisoner appeals from a judgment of conviction and sentence for murder in the first degree, and the Judge of the Court in which the conviction was had fails to certify that in his opinion there is probable cause for the appeal, and the Justices of the Supreme Court upon looking into the record are satisfied that no error has intervened, they will not grant such certificate, and the appeal will not stay the execution.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The defendant was tried and convicted, and sentenced to be hanged January 31st, 1873.
The other facts are stated in the opinion.

*A. Teague,* for Appellant.

*The Attorney General,* for Respondent.

By the Court:

On the fifth of December last the prisoner was adjudged to suffer death upon a conviction of the crime of murder in the first degree, committed by him in the felonious killing of one Hewitt. On the twentieth of the present month he took an appeal from the judgment and order, and the record being now on file here his counsel makes application for an order staying the execution of the judgment pending the appeal.

By the twelve hundred and forty-third section of the Penal Code it is provided in substance that such an appeal shall not stay the execution, unless the Judge of the Court in which the conviction was had, or one of the Justices of this Court, shall certify "that in his opinion there is probable cause for the appeal."

No such certificate appears to have been obtained from the Judge of the Court in which the conviction was had. Upon looking into the record on file and considering the matters of alleged errors relied upon, we are satisfied that in the proceedings below, resulting in the judgment, no error has intervened, and that there is no "probable cause for the appeal."

The motion for a supersedeas is, therefore, denied.

[Note.—I am requested by the Court to state that since the above decision was rendered, it is understood that Judges of District Courts have been in doubt as to whether they can, without stultifying themselves, grant the certificate required by the twelve hundred and forty-third section of the Penal Code, after having denied a motion for a new trial, and thus, as is to be supposed, judicially determined that there is no "probable cause for the appeal." While in the above case the Court had no doubt that there was no

"probable cause for the appeal," yet the correct rule would seem to be that, if the Judge, in bringing his judicial mind to bear on the record, should entertain any doubt as to the correctness of matters decided adversely to the prisoner, although he might in his own mind, for the purposes of judgment, resolve that doubt against the prisoner, he should grant the certificate. The language of the section, "*proba-ble* cause for the appeal," would seem to require that in this as in other matters relating to criminal law, all doubts as to matters which might be reviewed in the appellate Court should be resolved in favor of the prisoner. A certificate of probable cause, granted by the trial Court, is nothing more than a certificate that the case is debatable.—REP.]