[In Bank. — November 8, 1889.]

## IN THE MATTER OF HORACE ADAMS.

CRIMINAL LAW — PRACTICE — APPEAL — STAY OF PROCEEDINGS — CERTIFICATE OF PROBABLE CAUSE — NOTICE OF HEARING — AUTHENTICATION OF RECORD. — The proper practice when a certificate of probable cause for appeal is applied for to a justice of this court, under section 1243 of the Penal Code, to secure a stay of proceedings, is to require notice to the district attorney, and the production of a settled bill of exceptions, or a properly authenticated copy thereof. A temporary stay of proceedings may be granted by the superior court or by a justice of this court, when necessary to prevent the enforcement of the sentence before the petition can be heard, or until a bill of exceptions can be presented and settled with proper diligence.

ID. — CONSTRUCTION OF PENAL CODE — MEANING OF "PROBABLE CAUSE." — The phrase "probable cause for the appeal," used in section 1243 of the Penal Code, is not the equivalent of "probable ground for the reversal of the judgment," but only that there is presented a case that is debatable, that is not clearly and palpably frivolous and vexatious, and upon which there may be an honest difference of opinion. The judge who tried the case is bound to grant a certificate of probable cause, and stay execution pending the appeal, unless the case is so clear as to admit of no rational doubt or serious discussion.

APPLICATION to the Supreme Court for a certificate of probable cause for an appeal from a judgment of the. Superior Court of Los Angeles County, upon a conviction for manslaughter. The facts are stated in the opinion of the court.

*Hargrave & Bledsoe*, and *Harris & Gregg*, for Appellant.

BEATTY, C. J. — When this application was originally presented, the following opinion and order were filed: —

"In the matter of Horace Adams.

"The petitioner, having been convicted in the superior court of manslaughter, has appealed, or is about to appeal, to the supreme court. The judge of the superior court refuses to certify that in his opinion there is probable cause for the appeal, and the defendant, for the purpose of obtaining a stay of proceedings upon the judgment pending his appeal, has applied to me for a certificate of probable cause pursuant to the provisions of section 1243 of the Penal Code.

"The application is made without any previous notice to the district attorney, and is based upon a certified transcript of the short-hand reporter's notes of the trial, and copies certified by the county clerk of certain instructions said to have been given and refused by the superior judge.

"There is no rule, and so far as I can learn there has been no uniform practice, with reference to proceedings in cases arising under this section of the code. Sometimes the justice to whom the application has been presented has required the petitioner to give notice of the hearing and to produce a settled bill of exceptions in support of his petition, and sometimes these requirements have been dispensed with.

"I think it is better that there should be a settled and uniform practice in these cases, and that the safer course is to require notice to the district attorney and the production of a settled bill of exceptions, or a properly

authenticated copy, in order that the people may have an opportunity to be heard in opposition to the petition, and that the justice acting in the matter may have before him an authentic record of the case as it will be presented to the supreme court.

"The only inconvenience that could arise from these requirements is, that in case of delay in the settlement of the bill of exceptions a defendant might be deprived of the benefit of the statute by being sent to the state prison before his petition could be heard. But it is to be presumed that in such cases the superior court would, if the defendant exercised proper diligence in the presentation of his bill of exceptions, grant a sufficient temporary stay of proceedings. If that court failed or refused unreasonably to grant such stay, it might be granted by a justice of this court. The power to do so is clearly incidental to the power to act upon the petition; for otherwise the statute could not, in many instances, have the operation it was evidently intended to have, viz., to preserve defendants in criminal cases from the disgrace and ignominy of imprisonment among convicts so long as the legality of their conviction remains open to serious question.

" Upon these considerations I have concluded to make the following order in the present case: —

"Monday, the twenty-first day of October, at ten o'clock, A. M., at the supreme court chambers at Los Angeles, is fixed as the time and place of hearing this application. The petitioner will give at least five days' notice to the district attorney of said hearing, and will produce thereat a settled bill of exceptions or a properly certified copy. In the mean time, and until otherwise ordered, all proceedings against the petitioner under said judgment are stayed.

"W. H. BEATTY, Chief Justice Supreme Court."

The petitioner having, in compliance with said order, given the required notice to the district attorney, and

produced a record of his conviction, including a settled statement of his exceptions, the question is now to be decided whether he is entitled to a certificate that there is *"probable cause"* for his appeal.

It is not required that in matters of this kind any formal statement in writing of the grounds of our decision should be made, but the frequency with which these applications are denied by the judges of the superior court, when they ought to be granted, and the serious interruption to the business of this court caused by their renewal here, seem to demand an expression of our views as to the proper construction of section 1243 of the Penal Code, and the proper practice under it.

Section 1243 reads as follows: "An appeal to the supreme court from a judgment of conviction stays the execution of the judgment in all capital cases, and in all other cases, upon filing with the clerk of the court in which the conviction was had a certificate of the judge of such court, or of a justice of the supreme court, that in his opinion there is probable cause for the appeal, but not otherwise."

It would seem that, notwithstanding what has been said by this court respecting this and cognate provisions of the statute, the opinion must obtain to some extent that the expression "probable cause for the appeal" is the equivalent of "probable ground for reversal of the judgment," and, consequently, that the superior judge who has overruled the defendant's motion in arrest of judgment, or for a new trial, cannot, without stultifying himself, grant a certificate of probable cause.

If it were true that there is no probable cause for an appeal except in a case where the judgment is probably erroneous, it would necessarily involve self-stultification for a judge, who by denying a new trial and pronouncing sentence has solemnly affirmed his belief in the validity of the judgment, to make a certificate implying that in his opinion the judgment ought to be reversed.

The palpable absurdity of such a proceeding sufficiently demonstrates that the legislature could never have intended to require it, — demonstrates, in other words, that the certificate which the superior judges are required to grant in proper cases cannot have the meaning supposed.

What, then, is meant by the expression "probable cause for the appeal"?

We answer, as we have answered heretofore, it means only that there is presented a case that is debatable; a case that is not clearly and palpably frivolous and vexatious; a case upon which there may be an honest difference of opinion. (*People* v. *Valencia*, 45 Cal. 305; *Ex parte Hoge*, 48 Cal. 6.)

This is all that is required. It matters not that the judge before whom the prisoner has been tried may be satisfied that his conviction is in every respect regular and valid (which, indeed, must always be the case before there can arise any necessity for an appeal); he is, nevertheless, bound to grant a certificate of probable cause, and stay the execution pending the appeal, unless the case is so clear as to admit of no rational doubt or serious discussion.

The case of *Ex parte Hoge*, above cited, was an application for admission to bail pending appeal, — the giving of bail being, as the law then stood, the only mode of staying execution except in capital cases, and all that was said by Chief Justice Wallace in deciding that case is, in the changed condition of the law, fully applicable here. We quote as expressive of our views the following portion of his opinion: "The right to appeal to the supreme court is guaranteed by the constitution to the prisoner, and is as sacred as the right of trial by jury. It is one of the means the law has provided to determine the question of his guilt or innocence. Upon such an appeal, the ultimate question is nearly always as to the validity of the judgment under which the prisoner is to

suffer, and it is certainly not consonant to our ideas of justice, if it can be prevented by legal means, that even while the question of guilt or innocence is yet being agitated in the form of an appeal the prisoner should be undergoing the very punishment and suffering the very infamy which it was the lawful purpose of the appeal to avert.   It would be somewhat akin to a practice of punishing the accused for his alleged offense while the jury was yet deliberating upon the verdict."

This language furnishes a guide to every judge to whom an application like this is presented.   He should give the prisoner the benefit of every doubt, exercising his discretion liberally in certifying to the probable cause for the appeal whenever a case is presented upon which candid minds might rationally differ.

This view is sustained, not only by considerations of justice, but also by those of convenience and economy.

The only result of a stay of execution is, that the defendant, during the short time that his appeal is pending, remains a prisoner in the county jail, instead of being transported to the penitentiary.   If the judgment is affirmed, the time he has spent in jail is so much added to the term of his imprisonment, and this fact will have a tendency to prevent applications for a stay in plain cases.   A criminal of hardened character, to whom the mere ignominy of imprisonment among convicts has no terrors, will generally prefer to go to the state prison pending his appeal in order that the time of his sentence may be running, and that he may have the advantage of it in case the judgment against him is affirmed; and the plainer the case against him, the stronger will be the operation of this motive.

In every case, therefore, in which a stay of proceedings is demanded, it may safely be assumed that the stigma of imprisonment in the state prison, and the forced association with the class of criminals there confined, is in his estimation the worst part of the punish-

ment to which the petitioner has been condemned. To such a person the privilege of a stay of proceedings pending the exercise of his constitutional right of appeal is of inestimable value, and it ought never to be denied, except in a case in which it is certain no error can be found.

If a stay is granted, and the judgment afterward affirmed, no wrong has been done, and nothing has been lost to the public beyond the trifling expense of keeping the prisoner for a few months in the county jail, while he, as we have seen, has had so much added to the term of his imprisonment.

If, on the other hand, a stay of execution is denied, and the judgment is reversed, as may well happen in any debatable case, not only has the public been subjected to the useless expense of transporting the prisoner to and from the state prison, but upon him has been inflicted a wrong which the state has no power to redress.

For all these reasons we hope that hereafter the superior judges to whom these applications are made will, before denying them, seriously consider, not merely the question whether upon mature consideration and after argument on the part of the people all their rulings *ought to be* affirmed in the supreme court, but whether the case is so clear that no judge could fail, on a mere inspection of the record and without argument, to pronounce the appeal frivolous.

It is proper to say that the foregoing remarks have no peculiar application to this particular case. They have been called forth by the pendency of a number of such petitions to the justices of this court and their increasing frequency, resulting, as we believe, from a misconception of the meaning of the statute.

It only remains to add that in this case the petitioner's bill of exceptions presents several questions which I am not prepared to say, in advance of argument, are wholly

without merit, and therefore I shall grant the certificate prayed for.

McFARLAND, J., Fox, J., PATERSON, J., WORKS, J., THORNTON, J., and SHARPSTEIN, J., concurred.