[Crim. No. 689. First Appellate District.—August 13, 1917.]

THE PEOPLE, Respondent, v. CLARENCE B. IRISH, Appellant.

CRIMINAL LAW—FAILURE TO SUPPORT MINOR—VENUE—ABILITY OF DEFENDANT—SUFFICIENCY OF EVIDENCE.—In this prosecution under section 270 of the Penal Code for failure to provide necessaries for the minor son of defendant, it is held the evidence sustains the finding implied from the verdict that the residence of the mother, to whom the custody of the minor had been awarded in a divorce proceeding, was in the county where the prosecution was had, and also that the evidence shows that the defendant was able to support the minor, and that no one voluntarily undertook to relieve him or the mother of any obligation to support the child.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

Walter R. Dunn, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged by information with violation of section 270 of the Penal Code in failing to provide necessary food, clothing, shelter, and medical attendance for his minor son during a period of three years immediately prior to March 1, 1917, and was tried and convicted. The court suspended sentence for the period of five years, and admitted him to probation upon the usual conditions, together with the requirement that he contribute the sum of $150 to his wife for the maintenance and support of the child for six months beginning April 14, 1917, and to again appear before the court October 11, 1917, to furnish security for the further support of the child for the ensuing six months, and thereafter semi-annually for the same purpose during the term of probation.

We conceive of no reason for discussing at length the points argued in the briefs. We have read them carefully together with the record of the trial, and all we feel required to say is that the evidence, contrary to the appellant's contention, sustains the finding implied from the verdict that the residence of the mother—to whom the custody of the minor was awarded in a divorce proceeding between her and the defendant—was in the county of Marin. She testified that she lived there "off and on," meaning, as was developed later in the trial, that as she earned her living as a nurse she was sometimes out of the county at work in that capacity; but she finally testified that she lived in that county; that her residence was there.

The evidence also abundantly shows that the defendant was able to support the minor; that no one voluntarily undertook to relieve him or the mother of any obligation to support the child, and—if it is important—that the mother was without sufficient means to support it at the time the offense is charged.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 11, 1917.