[Civ. No. 1814.   Third Appellate District.—February 4, 1918.]

F. J. SMITH, Petitioner, v. DUNCAN C. McCALLUM et al., Respondents.

CRIMINAL LAW—OMISSION TO PROVIDE FOR MINOR—GIVING OF BOND FOR SUPPORT—ORDER DENYING NEW TRIAL—APPEAL.—In a prosecution under section 270 of the Penal Code for willfully omitting, without lawful excuse, to furnish a minor with necessaries, the giving of the bond for such support provided by section 270b of such code and the suspension of sentence does not deprive the defendant of the right to appeal from the order denying his motion for a new trial.

ID.—SUSPENSION OF JUDGMENT—APPEAL FROM ORDER DENYING NEW TRIAL.—Under sections 1201, 1202, and 1237 of the Penal Code, an appeal may be taken from an order denying a motion for a new trial, although judgment has been suspended and not entered.

COSTS—TRANSCRIPTION OF NOTES—MANDAMUS—ORIGINAL PROCEEDING IN APPELLATE COURT AFTER REFUSAL IN TRIAL COURT.—In an original proceeding in *mandamus* in the appellate court to compel a court reporter to make a transcription of his notes in a criminal case for the use of the defendant on appeal, the petitioner, if successful,

is entitled to his costs, although the judge of the trial court refused to order the transcription on the ground that the defendant was not entitled thereto.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Third Appellate District to compel transcription of stenographic notes for use on appeal.

The facts are stated in the opinion of the court.

R. Platnauer, for Petitioner.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, Raymond A. Leonard, District Attorney, and H. R. Davids, Assistant District Attorney, for Respondents.

CHIPMAN, P. J.—Application for writ of mandate. It appears from the petition that petitioner was informed against for omitting without lawful excuse to furnish his minor child with necessary food, and on December 14, 1917, he was convicted of the offense charged in the information. The court appointed December 17, 1917, as the time for pronouncing judgment. On said day, and before judgment was pronounced, defendant in open court made and filed a motion and application in arrest of judgment, and also a motion and application for a new trial; thereupon the court, at the request of the petitioner, continued the hearing of said motions until the twentieth day of December, 1917, and extended the time for pronouncing judgment until said last-named day, on which day the court made an order denying petitioner's said application and motion in arrest of judgment and also made an order denying petitioner's application and motion for a new trial in said action, and thereupon, at the time said orders were made, petitioner in open court announced that he appealed to the district court of appeal for the third district from the order denying his application and motion for a new trial in said action. Thereafter, and on the same day, to wit, December 20, 1917, defendant appeared before the court and entered into an undertaking to the state, with two sureties, in the penal sum fixed by said court, conditioned that he would pay to the person having the custody of said

minor child the sum per month fixed by said court in order
to thereby provide for said minor child the necessary food,
clothing, shelter, and medical attendance, which bond was ap-
proved by said superior court. "That thereupon said court
suspended proceedings and sentence in said action"; "that
on said twentieth day of December, 1917, and after proceed-
ings and sentence had been suspended, petitioner filed with
the clerk of said court and presented to said superior court
an application for a reporter's transcript, which application
stated in general terms the grounds of said appeals and the
points upon which he relied, and designated the portions of
the stenographic reporter's notes relied on, which applica-
tion is in the words and figures following, to wit": (therein
appears a recital of the proceedings relating to the notice of
appeal, the grounds of the appeal, ten in all, and also a desig-
nation of the portions of the phonographic reporter's notes
relied on). In the body of the application, as copied in the
petition herein, it is stated that the notice of motion was
given on December 20, 1917, and the motion was denied by
the court on December 20, 1917, and it also appears that de-
fendant gave notice of appeal from the judgment. In the
concluding paragraphs the date of the notice of motion and
the order made by the court is given as December 17, 1917.
Since the argument, a certified copy of the application on file
in the action has been filed in this court, from which it clearly
appears that the correct date at which the motion and order
were made was December 20, 1917, and it was on that date
and after the said order was made that the order suspending
sentence was made. It is then shown in the petition herein
that on said December 20, 1917, "the said superior court re-
fused to make an order directing the phonographic reporter
to transcribe such portion of her notes as in the opinion of
the court might be necessary to fairly and fully present the
points relied upon by petitioner, and refused to make an
order directing such phonographic reporter to transcribe any
portion of her notes. That said superior court has never
at any time made any order directing said phonographic re-
porter to transcribe any portion of said notes." It is fur-
ther shown that respondent, McCallum, is the official reporter
of said court and took down the shorthand notes of the pro-
ceedings in said action on the said motions, and that respond-
ent Duffy was the acting official reporter at the trial; that

on December 28, 1917, petitioner demanded of respondents and each of them that within twenty days after said December 20, 1917, they and each of them file with the clerk of said court an original and three carbon copies "of those portions of their respective notes so required by petitioner and his application so filed and presented," but they and each of them refused so to do, "and they have and each of them has informed respondent [petitioner?] that they will not do so." It is further alleged that the said superior court "is of the opinion that petitioner is not entitled to prosecute his said appeals, and that the county of Butte should not be put to the expense of paying for said transcription and has so informed petitioner."

The first point made by respondents is based on the assumption that petitioner in his petition refers to orders made on December 17, 1917, whereas "there are no such orders." The petition itself leaves little doubt that the true date is December 20th. However, the certified copy clears away all doubt and shows that the date of the orders was December 20th and also that there was no notice of motion of appeal from the judgment, and had there been, it should be treated as superfluous, for judgment was in fact suspended.

Respondents' second point is that no appeal has been taken in the manner required by the provisions of section 1239 of the Penal Code. This section refers to an appeal from the judgment and provides that it must be taken at the time judgment is rendered; and also that an appeal from an order after judgment must be taken at the time the order is made. It makes no provision as to when the appeal from an order denying motion for a new trial is to be taken. Section 1182, however, provides that the application must be made before judgment and the order denying the motion must immediately be entered by the clerk in the minutes. The contention is "that an appeal can only be taken under the provisions of section 1239," and as this section makes no mention of an appeal from the order denying the new trial, no appeal lies. But section 1237 of the Penal Code expressly provides: "An appeal may be taken by the defendant: 1. From a final judgment of conviction; 2. From an order denying a motion for a new trial; 3. From any order made after judgment, affecting the substantial rights of the party." The right to appeal is thus clearly given. Section 1239 provides that the appeal

may be taken from the judgment in open court at the time it is rendered and from an order made after judgment, but does not mention the order denying motion for new trial, and, of course, does not provide at what time such appeal is to be taken.

This brings us to the principal point urged by respondents, to wit, that no appeal lies from an order denying motion for a new trial until after judgment of conviction is entered.

The right of appeal has been said by the supreme court to be guaranteed by the constitution and to be as sacred as the right to trial by jury, and is one of the means provided by law to determine the guilt or innocence of the accused. (*Ex parte Hoge,* 48 Cal. 3, 6; *In re Adams,* 81 Cal. 163, 167, [22 Pac. 547].) Under sections 1201 and 1202 the motion for a new trial must be made before judgment is pronounced. Under subdivision 1, section 1203, the court may suspend sentence, and in cases arising under sections 270 and 270a (under which petitioner was convicted) the suspension may continue for five years. The bond given by petitioner for the support of his minor child was under section 270b, and by that section the court was also authorized to suspend sentence, but this bond, in our opinion, is not a waiver of petitioner's right to appeal from the order denying his motion for a new trial. In *State* v. *Coolidge,* 72 Wash. 42, [129 Pac. 1088], a bond was given by the defendant after conviction in a case such as we have here, and it was there claimed that the bond operated as a waiver of defendant's right to appeal. Said the court: "It may be that a case might arise where the giving of a bond, conditioned for the performance of a judgment, would operate as a waiver of the right to appeal; but it cannot be so held in this case. The verdict still stands, and defendant is entitled to urge such legal defense as he may have thereto." In the case cited no judgment had been entered, but the court made an order, as here, staying proceedings. A motion for a new trial had previously been made and denied.

It has been held that the giving notice of appeal to the clerk under the new system gives the appellate court jurisdiction in civil cases. (*Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118, 120, [118 Pac. 526]; *Clemens* v. *Gregg,* 34 Cal. App. 272, [167 Pac. 299].) We see no reason why this should not be true of appeals in criminal cases. Section 1247 of

the Penal Code provides that upon an appeal from an order of the superior court to the district court of appeal in any criminal action where appeal is allowed by law, the defendant must within a given time make application to the trial court, stating the grounds of the appeal and designate the portions of the stenographic reporter's notes upon which defendant relies. It is made the duty of the court, upon such application, to order the transcription made and also the duty of the reporter to file with the clerk such transcription. Everything which this section requires of the defendant was done in this case. Section 1247a makes it the duty of the clerk to deliver copies of the transcription to the parties named, including a copy to the court for its approval, and if no objection is made to the transcription, it is made the duty of the court to approve it and deliver it to the clerk. Provision is made for hearing objections and for approval by the court thereafter. When finally approved and received by the clerk from the judge, the clerk "must immediately transmit the same to the court to which the appeal was taken, and thereupon it shall become a part of the record upon appeal." Section 1246 provides that "upon the appeal being taken, the clerk of the court from which the appeal is taken must," without charge, within twenty days thereafter, transmit to the clerk of the appellate court a typewritten copy of the following papers: The enumerated papers include "the proceedings on motion for arrest of judgment or new trial."

The machinery seems to be amply provided for perfecting the appeal from the order in question, and is the same for perfecting the appeal from the judgment or any order made after judgment, without regard to the fact that no mention of such order is made in section 1239. It was held in *People* v. *Thompson,* 115 Cal. 160, [46 Pac. 912], that although there was no question raised on an appeal from the judgment as to the instructions, and they were not in fact presented or passed upon, the instructions, nevertheless, may be reviewed upon an appeal from the order, notwithstanding that they might also have been reviewed on an appeal from the judgment if presented on such appeal. Still, as was there held, the Penal Code provides for an appeal from an order denying a new trial (section 1237), and as the motion for a new trial is an independent proceeding, it may happen, as in civil cases, that a judgment is set aside on a motion for a new

trial after it had been affirmed on appeal from the judgment, and such was the result in the case cited.

In the case of *People* v. *Irish,* 34 Cal. App. 424, [167 Pac. 900], a case such as this one, sentence was suspended and an appeal taken and heard and judgment affirmed. The opinion does not state from what the appeal was taken, but an examination of the record shows that it was from the order denying a new trial while the sentence remained suspended.

The contention of respondents leads to this—that the defendant may rest under suspended sentence for a period of five years before he can have his motion for a new trial heard. He may not have been guilty of the offense charged or he may not have been legally convicted, but the law furnishes no remedy under which he can have these questions answered by an appellate court pending suspension of sentence.

We think petitioner is entitled to have his appeal heard pending suspension of sentence, and it is therefore ordered that he have the writ prayed for.

Hart, J., and Burnett, J., concurred.

On application for a rehearing the court, on March 6, 1918, rendered the following supplemental opinion:

CHIPMAN, P. J.—Petitioner was granted a writ of *mandamus* compelling respondent Duffy to transcribe her notes of all the proceedings taken at the trial of petitioner, when as defendant in a criminal action he was convicted of failing to support his minor child, and also compelling respondent McCallum to transcribe his notes of the proceedings of the court on the motion of petitioner, defendant in the action, in arrest of judgment and for a new trial, it appearing that in said action respondent Duffy was acting as the official reporter at the trial and respondent McCallum was acting as official reporter at the hearing of said motion; and it further appearing that said transcripts were regularly demanded by the defendant in aid of his appeal from the judgment and the order denying his motion for a new trial.

In the present matter petitioner seeks a rehearing for the purpose alone of having the judgment so amended as to allow him his costs herein. It is understood that if costs are not legally allowable, the petition should be denied; and if allow-

able and allowed by the court, that the judgment be amended accordingly.

Costs are allowable by statutory authority only. They are allowed to the plaintiff, of course, in the following cases: " . . . 4. In a special proceeding." (Code Civ. Proc., sec. 1022.) "In other actions than those mentioned in section ten hundred and twenty-two, costs may be allowed or not, . . . in the discretion of the court. . . . " (Code Civ. Proc., sec. 1025.) In an application for mandate, "if judgment be given for the applicant, he may recover the damages which he has sustained, . . . together with costs; and for such damages and costs an execution may issue. . . . " (Code Civ. Proc., sec. 1095.)

In the case of *Platnauer* v. *Superior Court*, 33 Cal. App. 394, [165 Pac. 41], relied on by respondents, we held that costs were not allowable for the reasons there stated at some length. The application there, however, was for a writ of review, running against the court. The prevailing party relied upon sections 1027 and 1032 of the Code of Civil Procedure, but these sections were held to be inapplicable, and it was also held that costs could be recovered neither against the judge nor the county.

The statute as to writs of review makes no mention of costs, leaving the question to be determined under the general provisions as to costs. The reasons given for the decision in the Platnauer case are not applicable here. Besides, in *mandamus* proceedings there is express authority given for recovering costs. The argument of respondents that "shorthand reporters are governmental agencies of the superior court, which is a governmental agency of the state," and hence should enjoy the immunity given the court in the matter of costs, does not strongly appeal to us. The court in the case cited was exercising a judicial function in a matter wherein it had jurisdiction of the person and subject matter and could decide wrongly or rightly. Here respondents had no judicial function to perform; the duty which the defendant in the criminal action (petitioner here) called upon them to perform was ministerial and its performance was made mandatory by the statute. If it be conceded (and we make no such concession) that section 1095 of the Code of Civil Procedure does not "take away, as is contended, the discretion of the court in allowing or denying costs," we should

hesitate to exercise such discretion against petitioner, for the reason that the policy and letter of the law give to the defendant in a criminal action the services of the courts and their officials free of expense at all stages of the proceedings, and in harmony with that policy he should have his costs when driven to the court to compel a court stenographer to perform a mere ministerial duty placed upon him by the statute, especially where the performance of this duty is indispensably necessary to enable the defendant in the action to perfect his appeal.

In *Power* v. *May,* 123 Cal. 147, 152, [55 Pac. 796], the supreme court held that sections 1022 and 1095 of the Code of Civil Procedure applied where the writ of mandate was against a county treasurer, and that costs of the *mandamus* proceeding were chargeable against the defendant personally. It was held in *Gould* v. *Moss,* 158 Cal. 548, [111 Pac. 925], that section 1095 of the Code of Civil Procedure applies ''to original proceedings of that character, whether begun in the superior court, in the supreme court, or in a district court of appeal. The point that this court is without power to award costs in such cases is without merit.'' Our conclusion is that petitioner is entitled to his costs.

It is ordered that the judgment be amended to read that the petitioner have the writ prayed for and that he have judgment for his costs.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1918. Angellotti, C. J., dissented from the order denying a hearing in the supreme court and rendered the following opinion thereon:

ANGELLOTTI, C. J., Dissenting.—I am of the opinion that there should be a hearing of this matter in this court. Regardless of other questions involved, it seems clear to me that our law does not require the shorthand reporter to furnish a transcript of the proceedings in a criminal case for the purposes of an appeal upon the demand of the appellant and without payment of fee, where the trial judge to whom application is made for an order requiring such a transcript expressly

rules that the appellant is not entitled thereto and denies the application therefor, and no order for such a transcript is made by the court to which the appeal is taken. To my mind the intent is clear to vest in the trial court the power to determine to what extent the appellant is entitled to a transcript of the reporter's notes for the purposes of an appeal, the expense of which, when properly ordered, is a county charge, with the right in the court to which the appeal is taken to order a further transcription, if deemed essential to the appellant's rights. It is only where the trial court fails to take any action for a specified time regarding appellant's application that the shorthand reporter may be required to furnish the transcript as demanded, the idea apparently being that such failure of the court to act shall be taken as assent to the application as made. Here the trial court acted, and expressly refused to order the transcript, ruling that appellant was not entitled thereto. And the reporter, who doubtless felt himself bound by the ruling of the superior court in the matter, is held guilty of a breach of statutory duty for not having disregarded such ruling, and is also penalized in costs. The law seems to provide in effect that the compensation of the reporter for such a transcription is to be paid from the county treasury only when the same is, at least in effect, ordered by a court, and I do not see how the reporter here could have received any compensation in this case had he proceeded in the face of the ruling of the court refusing the transcript.