[No. 2522]

## THE STATE OF NEVADA, RESPONDENT, v. JAMES H. NEVEN, PETITIONER.

[199 Pac. 83]

1. CRIMINAL LAW—DETERMINATION OF APPLICATION FOR CERTIFI-CATE OF PROBABLE CAUSE FOR APPEAL SHOULD BE MADE BY SINGLE JUSTICE.

    As the statute provides that a certificate of probable cause for appeal from a conviction of crime may issue on the direction of one of the justices of the supreme court, such application should not be entertained by the court.

2. CRIMINAL LAW—CERTIFICATE OF PROBABLE CAUSE FOR APPEAL SHOULD ISSUE WHEN THE MATTER IS DEBATABLE.

    Under Rev. Laws, 7294, declaring that an appeal from a judgment of conviction shall stay execution of the judgment upon the filing of a certificate of the judge of the court in which conviction was had, or of a justice of the supreme court, that there was probable cause for the appeal, but not otherwise, one convicted is entitled to such certificate if there is room for an honest difference of opinion as to the existence of prejudicial error in the proceedings leading up to the conviction, and this is so regardless of how the judge or justice may consider the questions raised should be ultimately decided; hence, a certificate will be granted where it appeared that the appeal was not merely frivolous, for the purpose of the statute is to prevent incarceration in the penitentiary of one not a hardened criminal.

3. CRIMINAL LAW—ON PETITION FOR CERTIFICATE OF PROBABLE CAUSE FOR APPEAL, QUESTION OF BAIL WILL NOT BE DETER-MINED.

    On petition to a justice of the supreme court for a certificate of probable cause for appeal from a conviction of crime, the question of bail will not be determined.

ORIGINAL PROCEEDING. James H. Neven, having been convicted of manslaughter, applied for a certificate of probable cause for appeal. **Certificate granted.**

*Moore & McIntosh,* for Petitioner.

*L. D. Summerfield,* District Attorney, for Respondent:

If the record on its face shows that the petitioner was not prejudiced, the writ and the order for bail should be denied. He was found guilty of manslaughter, the lowest form of verdict under the indictment, and the jury recommended to the court leniency in the fixing of the term of imprisonment. 17 C. J. 330. "It is apparent from the fact that the jury recommended defendant to the mercy of the court that it was not, in rendering its verdict, actuated by passion or prejudice against defendant." People v. Lopez, 197 Pac. 144.

The conditions precedent to the issuance of a writ of probable cause have been definitely fixed by this court. It is essential that there be probable cause for appeal. State v. McFarlin, 41 Nev. 105.

A certificate of probable cause and bail were requested of the court below and denied. The court was thoroughly familiar with the record and must be accorded proper recognition by this court. State v. Smith, 33 Nev. 435, 111 Pac. 929.

Under our statutes no bail can be granted in this case. Stats. 1919, p. 468; Rev. Laws, 7314; Ex Parte Voll, 41 Cal. 29.

SANDERS, C. J. (in chambers):

This is an application to this court for a certificate of probable cause for an appeal from a judgment of the district court of Washoe County upon a conviction for manslaughter.

J. H. Neven was accused by an information filed by the district attorney of Washoe County of the crime of murder, and upon trial thereon was convicted of manslaughter and sentenced to imprisonment in the penitentiary of this state for a period of not less than five nor more than eight years. On the day that judgment was pronounced against him, the defendant moved the court for a new trial upon all of the statutory grounds, which motion was denied; and I assume from the record that

he was committed to the custody of the sheriff of Washoe County, in March, 1921, to be transported to the state prison at Carson City, where he is now confined. Upon the pronouncement of judgment of conviction, he immediately gave notice of appeal to this court from the order denying and overruling his motion for a new trial, and from the judgment, and also applied to the trial judge for a certificate of probable cause staying execution of the judgment pending appeal, which was refused. Thereafter the defendant presented to this court an application, in the form of a petition, representing that he had been found guilty of manslaughter by the verdict of a jury; the denial of his motion for a new trial; that he had been sentenced, as above stated, and had appealed from the order denying his motion for a new trial, and from the judgment of conviction. He alleges in his petition that his appeal is being prosecuted with diligence, and in good faith, with the full expectation that the judgment, upon hearing of his appeal, will be reversed, and a new trial awarded, and that there is probable cause for the appeal. A transcript of the testimony of the witnesses and the record of the proceedings in the lower court is referred to in the petition, and made a part thereof by proper averments. He concludes his petition with the prayer that this court make an order staying execution of the sentence and judgment pending the appeal, that a certificate of probable cause for the appeal issue, and that the petitioner be admitted to bail in such reasonable amount as this court may fix pending appeal.

1. Upon presentation of the petition to me, as Chief Justice of the Supreme Court of Nevada, counsel for petitioner represented that the transcript of the testimony and proceedings in the lower court were quite voluminous, and the application for a certificate of probable cause had been delayed on account of their inability to have it properly transcribed and certified as required by the Criminal Practice Act on appeal, and

requested that a day be fixed for the hearing of the petition. Pursuant to this request a time and place for hearing was fixed, and counsel were directed to notify the district attorney of Washoe County. On the day fixed for the hearing of the petition, which was strenuously opposed by the district attorney, a majority of the members of this court were in doubt as to whether the court, under the particular provisions of the statute under which the proceeding herein is predicated, could assume jurisdiction as a court to take cognizance of the subject, and it was understood that the members of the court should sit en banc for the purpose of hearing the application only, and thereafter determine whether they should participate as a court in the conclusions reached on the petition. Upon conference, a majority of the court do not desire to commit themselves to the practice of entertaining applications to the court in matters of this sort, when the statute provides that a certificate of probable cause may issue on the direction of one of the justices. In conformity with this conclusion, the duty devolves upon me, as chief justice, to dispose of the petition.

2, 3. There is no rule, and there has been no uniform practice, with reference to proceedings in cases arising under section 444 of the Criminal Practice Act (Rev. Laws, 7294), on which this application is based, which reads as follows:

"An appeal to the supreme court from a judgment of conviction shall stay the execution of the judgment upon filing with the clerk of the court in which the conviction shall have been had a certificate of the judge of such court, or of a justice of the supreme court, that in his opinion there is probable cause for the appeal, but not otherwise."

In the case of State v. McFarlin, 41 Nev. 105, 167 Pac. 1011, application was made to the chief justice for a certificate of probable cause, and for an order for bail pending appeal. The case being one apparently of first impression, the chief justice took pains to embody

his views in an opinion covering his interpretation of
the section of the Criminal Practice Act as above quoted,
and other sections of the Criminal Practice Act relative
to the question of bail after conviction. While I might
be in accord with some of the general statements con-
tained in the opinion as to the influences that should
move a justice of this court to issue a certificate of
probable cause, I do not go to the extent of holding
that, under the provisions of the statute, such justice
is authorized to order that the applicant or petitioner
be admitted to bail. He is not concerned with the
question of bail on an application for a certificate of
probable cause. Neither do I think that in matters of
this kind any formal statement in writing should be
made of the grounds of the decision in case the appli-
cation is granted or refused; but for the benefit of
future applications I may be permitted to state my
opinion as to when a certificate of probable cause should
issue.

The statute (Rev. Laws, 7294) clearly points out that
a criminal appeal, except in capital cases, does not stay
execution of the judgment unless a certificate is filed
with the clerk of the court by the trial judge, or a jus-
tice of the supreme court, that in his opinion there is
probable cause for the appeal. "Probable cause for
the appeal," as used in the statute, means only that
there is presented a case that is debatable; a case that
is not clearly and palpably frivolous and vexatious; a
case upon which there may be an honest difference of
opinion. In Re Adams, 81 Cal. 163, 22 Pac. 547.
"Probable cause for the appeal" is not the equivalent
of "probable cause for reversal of the judgment."
When, therefore, there is probable cause for the appeal,
the applicant is clearly entitled to the certificate as mat-
ter of right, and there is probable cause whenever there
is room for an honest difference of opinion as to the
existence of any prejudicial error in the proceedings
leading to the conviction. In all such cases it is the
duty of the trial judge to grant the certificate, not-
withstanding his own opinion that the record is free

from error.    People v. Gallanar, 144 Cal. ,656, 79 Pac.
378.    No trial judge and no member of this court, whatever his individual opinion may be as to the validity
and regularity of the conviction, is authorized to refuse
a certificate of probable cause and stay of execution
pending appeal, unless the case is so clear as to admit
of no rational doubt or serious discussion.    In Re
Adams, supra.    Both such judges are required to give
the prisoner the benefit of every doubt, exercising their
discretion liberally whenever a case is presented upon
which candid minds might rationally differ.    In Re
Adams, supra.

I conceive that the primary purpose of injecting the
provision under review into our Criminal Practice Act
was to stay the execution of the judgment to prevent
one not a hardened criminal from being incarcerated
in the penitentiary to suffer the ignominy, stigma, and
disgrace of a convict pending the exercise of his constitutional right of appeal.    The privilege is of inestimable value, and it ought never to be denied, as above
stated, except in a case in which it is certain no error
can be found.    In Re Adams, supra.

Whether or not, in the case as here presented, I
might be of the opinion that the rulings of the trial
court ought to be affirmed in this court is not involved.
No trial court, or justice of. this court, to whom application for probable cause is made, is authorized merely
to take into consideration his own opinion, when no
judge could fail, on a mere inspection of the record, and
without argument, to pronounce the appeal frivolous.
In Re Adams, supra.

In this case the bill of exceptions presents several
questions which I am not prepared to say are wholly
without merit, and therefore I shall grant the certificate
prayed for, intimating no opinion of what stand I shall
take on the merits of the appeal.    As to the question
of bail, I am not concerned.    It is a matter for a court
of competent jurisdiction, on proper application, to consider and determine.

The clerk is ordered to issue the certificate, and to

file the records in this proceeding, together with this opinion and order.