[Crim. No. 1027. Second Appellate District, Division One.—August 25, 1923.]

THE PEOPLE, Respondent, v. GUADALUPE RAMIREZ, Appellant.

[1] CRIMINAL LAW—CERTIFICATE OF PROBABLE CAUSE—ISSUANCE BY JUSTICE OF DISTRICT COURT OF APPEAL — JURISDICTION—SECTION 1243, PENAL CODE.—Although section 1243 of the Penal Code in terms confers the power to issue a certificate of probable cause upon only the judge of the trial court, or upon a justice of the supreme court, jurisdiction to issue such certificate also lies in a justice of the district court of appeal.

[2] ID.—DENIAL OF MOTION FOR NEW TRIAL—ABSENCE OF CONFLICT.— A certificate of probable cause in no way conflicts with an order denying a motion for a new trial.

[3] ID.—CERTIFICATE OF PROBABLE CAUSE—NATURE OF—WHEN SHOULD ISSUE.—A certificate of probable cause, in effect, is merely an expression of opinion by the trial judge that debatable questions are or may be raised on the appeal; that the case presented is not altogether frivolous or trifling and vexatious, but that there is room for an honest difference of opinion as to the existence of prejudicial error in some part of the proceedings leading to the conviction of the defendant. In such circumstances the certificate of probable cause is not merely a privilege which may be either graciously extended to the defendant or withheld from him by the trial judge, as either his pleasure or his whim may suggest, but it is a positive legal right possessed by the defendant.

[4] ID.—APPLICATION FOR CERTIFICATE — ISSUANCE OF — RECORD.—On this application for a writ of probable cause such writ will issue where an examination of the entire record discloses that there is at least one debatable question affecting the conviction of defendant.

APPLICATION for a Writ of Probable Cause. Writ granted.

The facts are stated in the opinion of the court.

W. W. Judd for Petitioner.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

HOUSER, J.—In this matter defendant has applied to this court for a certificate of probable cause. It appears that defendant was convicted of "assault with intent to commit murder," and that he forthwith gave notice of appeal, together with the grounds thereof; whereupon the court made its order for the transcription of the reporter's phonographic notes taken at the trial of the cause. Thereupon, according to the statement made to this court by the attorney representing defendant, a request for a certificate of probable cause was peremptorily denied by the judge of the trial court.

[1] Although the language of the statute (sec. 1243, Pen. Code) in terms confers the power to issue a certificate of probable cause upon only the judge of the trial court, or upon a justice of the supreme court, it has been held that jurisdiction to issue such certificate also lies in a justice of the district court of appeal. (*In re Mayen,* 49 Cal. App. 531 [193 Pac. 813].) The duty of the trial judge to issue a certificate of probable cause is extensively discussed by Chief Justice Beatty in the *Matter of Adams,* 81 Cal. 163 [22 Pac. 547]. [2] Such a certificate in no way conflicts with an order denying a motion for a new trial. [3] In effect, it is merely an expression of opinion by the trial judge that debatable questions are or may be raised on the appeal; that the case presented is not altogether frivolous or trifling and vexatious, but that there is room for an honest difference of opinion as to the existence of prejudicial error in some part of the proceedings leading to the conviction of the defendant. In such circumstances the certificate of probable cause is not merely a privilege which may be either graciously extended to the defendant or withheld from him by the trial judge, as either his pleasure or his whim may suggest, but it is a positive legal right possessed by the defendant. In several California cases the attention of the judges of the superior court is particularly directed to their bounden duty in this regard. (*In re Adams,* 81 Cal. 167 [22 Pac. 547]; *People v. Gallanar,* 144 Cal. 657 [79 Pac. 378]; *People v. Valencia,* 45 Cal. 305; *Ex parte Hoge,* 48 Cal. 6.) As is stated in the Adams case, *supra:* "It matters not that the judge before whom the prisoner has been tried may be satisfied that his conviction is in every respect regular and valid

(which, indeed, must always be the case before there can arise any necessity for an appeal); he is, nevertheless, bound to grant a certificate of probable cause, and stay the execution pending the appeal, unless the case is so clear as to admit of no rational doubt or serious discussion." And again in the Gallanar case, *supra:* "In all such cases it is the duty of the trial judge to grant the certificate, notwithstanding his own opinion that the record is free from error."

The trial judge having heard the evidence in the case and perhaps having weighed the reasons advanced by counsel why a new trial should be granted, primarily occupies a superior position to that of a justice of the district court of appeal or that of a justice of the supreme court in the matter of knowledge both as to the facts of the case and to the law applicable to any legal points which may be raised on appeal. Before a justice of either of the latter courts may fairly pass upon the propriety of issuing a certificate of probable cause, it ordinarily becomes necessary that he not only acquaint himself with the entire transcript of the testimony taken on the trial, but with the clerk's transcript as well, and thereafter bring to bear thereon his general knowledge of the law having to do with any possible point of attack, not to which his attention has been directed by zealous counsel for defendant, but which in all probability the justice may have discovered through his own initiative and industry. While this court neither wishes to nor will shirk any of its duties or responsibilities, yet, considering that with the proper legal principles in mind by the judge of the trial court, together with a fair sense of his judicial duty, the arbitrary denial of counsel's request for a certificate of probable cause and the resultant imposition upon a justice of the district court of appeal or a justice of the supreme court of the burden necessary to a proper determination of the questioned right of the defendant to a certificate of probable cause, is not entirely consonant with a due sense of proportion. As was said by Chief Justice Beatty in the Adams case, *supra:* "For all these reasons we hope that hereafter the superior judges to whom these applications are made will, before denying them, seriously consider, not merely the question whether upon mature consideration and after argument on the part

of the people all their rulings *ought to be* affirmed in the supreme court, but whether the case is so clear that no judge could fail, on a mere inspection of the record and without argument, to pronounce the appeal frivolous.''

[4] After an examination of the entire record herein, it affirmatively appears that there is at least one debatable question affecting the conviction of the defendant. It is neither necessary nor appropriate that at this time any discussion should be had of such question, much less its ultimate determination by this court. Suffice it to say that it exists, and upon its submission to either division of this court it will necessarily call for most serious and careful consideration. It follows that the certificate of probable cause should issue. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.