[Crim. No. 1296. First Appellate District, Division One.—October 30, 1925.]

## THE PEOPLE, Respondent, v. HARRY ALLAN, Appellant.

[1] CRIMINAL LAW — WHEN WRIT OF PROBABLE CAUSE WILL BE GRANTED.—Where an appeal is not clearly anl palpably frivolous and vexatious, but presents debatable questions upon which there may be honest difference of opinion in regard to the existence of prejudicial error in the proceedings leading to the conviction, a writ of probable cause should be granted.

[2] ID.—FICTITIOUS CHECK—APPEAL—PROBABLE CAUSE—EVIDENCE.— An application for a writ of probable cause pending appeal, after conviction upon a charge of making, uttering, publishing, and passing a fictitious check in violation of section 476 of the Penal Code, will be granted, where, irrespective of the question whether the rulings of the trial court in connection with the exclusion of certain evidence sought to be adduced by the defendant which it was claimed had a bearing upon the question of the genuineness of the check upon which the charge was based, amount to probable cause for a reversal of the judgment, the rejection of said evidence does constitute probable cause for appeal.

---

(1) 17 C. J., p. 109, n. 66, 71.   (2) 17 C. J., p. 110, n. 74.

APPLICATION for Writ of Probable Cause to stay judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Writ granted.

The facts are stated in the opinion of the court.

Raine Ewell for Petitioner.

---

1. See 8 Cal. Jur. 551.

Matthew Brady, District Attorney, and Wm. W. Murphy, Assistant District Attorney, for Respondent.

KNIGHT, J.—The defendant, after trial and conviction upon a charge of making, uttering, publishing, and passing a fictitious check in violation of section 476 of the Penal Code, moved the trial court for an arrest of judgment and for a new trial. Said motions were denied, whereupon defendant was sentenced to imprisonment in the state prison at Folsom. Notice of appeal was given and since then defendant has complied with the necessary legal requirements to perfect said appeal. He also applied to the trial court for a writ of probable cause, which application was denied. A similar application is now presented to this court. [1] The law is well settled that where an appeal is not clearly and palpably frivolous and vexatious, but presents debatable questions upon which there may be honest difference of opinion in regard to the existence of prejudicial error in the proceedings leading to the conviction, a writ of probable cause should be granted (*People* v. *Gallanar*, 144 Cal. 656 [79 Pac. 378]; *In re Adams*, 81 Cal. 163 [22 Pac. 547]; *People* v. *Valencia*, 45 Cal. 304; *People* v. *Ramirez*, 63 Cal. App. 510 [219 Pac. 73]; *In the Matter of Mayen*, 49 Cal. App. 531 [193 Pac. 813]; *People* v. *Clinton et al.*, 72 Cal. App. 88 [236 Pac. 929]). [2] The record here reveals the exclusion of certain evidence sought to be adduced by the defendant which, it was claimed, had a bearing upon the question of the genuineness of the check upon which the charge was based. Irrespective of the question of whether the rulings of the trial court in connection with the exclusion of such evidence amount to probable cause for a reversal of the judgment, the rejection of said evidence does, in our opinion, constitute probable cause for appeal. It follows that the application for the writ of probable cause should be granted and the execution of the judgment stayed until a final determination of said appeal. It is so ordered.

Tyler, P. J., and Cashin, J., concurred.