[Crim. No. 2734.   Second Appellate District, Division One.—March 24, 1936.]

THE PEOPLE, Respondent, v. WILLIS W. SHEPHERD et al., Defendants; HOWARD J. STREICH et al., Appellants.

Entenza & Gramer for Appellants.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

YORK, J.—The People moved to dismiss the appeal of defendants on the grounds hereinafter set forth in detail.

The defendants were convicted of assault by means of force likely to produce great bodily injury. Verdict of guilty was returned February 25, 1935, as to all three defendants, and on February 28th appellants moved for new trial, which motions were denied on March 11th. Appellants, on said latter date, made oral applications for probation and March 27th was set for hearing on said applications. No written applications for probation were ever made by appellants, but on March 27th,—the day set for hearing—counsel for appellants told the court he would file the applications that day, and the matter was continued to April 3d. On April 3d, counsel for appellants appeared and objected to a further continuance on the ground that an appeal from the orders denying motions for new trial had been taken on March 13th, and that the court had no jurisdiction to proceed. However, the court continued the matter of hearing on application for probation to April 10th, at which time the appellants moved for a new trial under section 1202 of the Penal Code, on the ground the court had no jurisdiction to pass sentence, or to grant probation, since the time for passing sentence or granting probation had expired, and on the ground particularly that the defendants had not consented to any continuance of the matter to said April 10th. At this hearing the court granted probation to the appellants for a term of one year, six months thereof to be spent in the county jail.

Appellants on March 13, 1935, filed a notice of application for appeal, pursuant to section 7, rule II, of the Rules of the Judicial Council for the Supreme and District Courts of Appeal; on April 12, 1935, they caused to be filed a notice of appeal from the orders of March 11th, denying motions for new trial and from the alleged order of April 10th, denying motions for new trial under sections 1191 and 1202 of the Penal Code, and on the same day filed a second notice of application for appeal pursuant to section 7, rule II, of the Rules of the Judicial Council for the Supreme and District Courts of Appeal.

This matter is now before this court on a motion of respondent to dismiss appeal on the grounds (1) that no proper appeal has been taken; (2) that no notice of appeal was made or filed as to the orders of the trial court of March 11, 1935, denying defendants' and appellants' motions for a new trial; (3) that the appeal of appellants was not taken within the time required by the provisions of section 1239 of the Penal Code; (4) that the purported order of the trial court of April 10, 1935, denying appellants' motion for a new trial was never made by said court; and (5) that the record affirmatively shows that no judgment was ever imposed upon defendants and appellants.

. Section 1239 of the Penal Code provides: ''An appeal from a judgment may be taken by the defendant by announcing personally or through his attorney in open court at the time the judgment is rendered that he appeals from the same, or by filing a written notice of appeal within two days after the rendition of judgment with the clerk of the court wherein judgment was rendered; and from any order made after judgment, by announcing in open court at the time the same is made that he appeals from the same. . . . ''

The notice of application for appeal, which was filed two days after the denial of motions for new trial, was as follows: ''Comes now the defendants Howard J. Streich and W. J. Wigginton, in compliance with section 7 of Rule II, of the rules of the Judicial Council for the Supreme and District Courts of Appeal, and file with the clerk and present to the trial court their respective applications for appeal to the District Court of Appeal, Second Appellate District, State of California, and state in general terms the grounds of appeal and the points upon which the defendants respectively rely as follows, to-wit: . . . '' and then proceeds to enumerate the various points, including one ''That the Court erred in overruling defendants' Motion for New Trial.''

The decisive question before this tribunal upon the motion to dismiss appeal is whether the above-quoted notice of application for appeal is a sufficient compliance with the terms of section 1239 of the Penal Code, above set forth.

While the right of appeal from an order denying a motion for a new trial is expressly given to a defendant by section 1237 of the Penal Code, the statute prescribes no form of notice of appeal, and while section 1239, *supra*, provides

the method of taking an appeal from a judgment at the time it is rendered and from any order made after judgment, to hold that a defendant cannot appeal from an order denying a new trial until after rendition of judgment would be, in effect, to deprive him of any remedy during the time the imposition of sentence may be suspended. In such case the appeal should be perfected in the same manner as an appeal from the judgment or any order after judgment, without regard to the fact that no mention of the order is made in said section 1239. (8 Cal. Jur., p. 518, sec. 529; *People* v. *Hartman,* 23 Cal. App. 72 [137 Pac. 611].) The cited case holds that the language of section 1247 of the Penal Code (repealed in 1927), providing for the making of the record upon appeal from any judgment or order in a criminal proceeding, is not restricted to an order made after judgment, but "is broad enough to include" an order denying motion for new trial made before judgment, "notwithstanding the provisions of the preceding section 1239 allowing an appeal from 'any order made after judgment', especially in view of section 1237 expressly giving the right of appeal from an order denying a motion for a new trial". See, also, *Smith* v. *McCallum,* 36 Cal. App. 143 [172 Pac. 408]. It should be noted that the notice of application for appeal in the case at bar was drawn in strict compliance with the provisions of section 1247 of the Penal Code, referred to in the cited case, and which was repealed by the legislature in 1927.

We are of the opinion that the language used in said notice admits of the construction that "defendants hereby appeal" from the orders of March 11, 1935, denying their motions for new trial, especially in view of the fact that said notice includes among the various grounds relied upon "That the Court erred in overruling defendants' motion for new trial."

While the record shows that defendants made motions for new trial on April 10th, there is nothing in the record to show that the trial court denied such motions, and therefore the purported appeal from such order or orders is dismissed.

The motion to dismiss appeal from the orders of March 11, 1935, denying motions for new trial is denied.

Houser, P. J., and White, J., *pro tem,* concurred.