[Crim. No. 3248.  Second Appellate District, Division Two.—December 29, 1939.]

THE PEOPLE, Respondent, v. CHARLES L. SMITH, Appellant.

Martin S. Ryan and Llewellyn J. Moses for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J.—This is a motion to dismiss an appeal from (1) an order granting probation, and (2) an order denying a motion for a new trial.

These are the essential facts:

May 3, 1939, defendant was found guilty of violating section 501 of the Vehicle Code. May 9, 1939, defendant made a motion for a new trial, which was denied but he was permitted to file an application for probation and the time for the hearing on his application for probation and for pronouncing judgment and sentence was set for May 19, 1939. Thereafter the matters were regularly continued for hearing to and including June 2, 1939, on which date, without pronouncing judgment and sentence, the trial judge granted defendant's application for probation and suspended further proceedings. Defendant gave notice of appeal from the order placing him on probation and also from the previous order of the trial court denying his motion for a new trial.

These are the questions to be determined:

■ *First: Is an order granting probation without the imposition of judgment and sentence an appealable order?*

*Second: Is there a time limit within which a defendant must give notice of appeal from an order denying his motion for a new trial in a criminal case?*

The first question must be answered in the negative. The law is established in California that an order granting probation and suspending the pronouncement of judgment and sentence is not an appealable order. (*People* v. *Noone,* 132 Cal. App. 89, 92 [22 Pac. (2d) 284] ; *Hale* v. *Superior Court,* 133 Cal. App. 332, 333 [23 Pac. (2d) 1074] ; *People* v. *Hartman,* 23 Cal. App. 72, 74 [137 Pac. 611].)

■ As to the second question, it is our view that a defendant has a reasonable time after denial of his motion for a new trial within which to give notice of appeal therefrom, and that there is no fixed time within which the notice of appeal must be given. Section 1237, subdivision 2, of the Penal Code confers upon a defendant the right to appeal from an order denying his motion for a new trial in a criminal case. However, neither section 1239 nor any other section of the Penal Code fixes a definite time within which a defendant must give notice of an appeal from an order denying his motion for new trial. Therefore, since we may not deprive defendant of a right of review conferred upon him by the legislature, we must apply the rule that is generally applicable when an act may be performed but no time is specified within which it is to be done, to wit, that the act

may be performed within a reasonable time. Under this rule a defendant may make a motion for new trial and if denied may apply for probation. Should his application for probation be denied, then judgment and sentence will be imposed and he may appeal from the judgment and have a review of the proceedings resulting in his conviction. On the other hand, should his application for probation be granted the defendant still may have been wrongfully convicted, and by giving notice of appeal from the previous order denying his motion for a new trial he may in the proper appellate tribunal have a review of the proceedings leading to his conviction. This view finds support in the following cases: *People* v. *Hartman, supra,* p. 74; *Smith* v. *McCallum,* 36 Cal. App. 143, 146 [172 Pac. 408].

Applying the rule just stated to the facts of the instant case, the record discloses that defendant gave notice of appeal from the order denying his motion for a new trial within a reasonable time after the order was made, to wit, as soon as his application for probation was granted.

For the foregoing reasons the motion to dismiss the appeal from the order placing defendant on probation is granted, and from the order denying his motion for a new trial is denied.

Moore, P. J., and Wood, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1940.