[No. 20969.    In Chambers. — December 1, 1892.]

THE PEOPLE, RESPONDENT, v. WILLIAM R. LANE, PETITIONER.

CRIMINAL LAW — HOMICIDE — CONVICTION — STAY OF PROCEEDINGS — SETTLEMENT OF BILL OF EXCEPTIONS. — A defendant convicted of murder, and sentenced to the state prison for life, is entitled to a stay of proceedings from the superior court for ten days after judgment, and for such further time as such court may grant for preparing and presenting a draught of his bill of exceptions, and for its settlement, provided the defendant exercises proper diligence in its preparation.

ID. — CERTIFICATE OF PROBABLE CAUSE — STAY OF PROCEEDINGS BY CHIEF JUSTICE. — Where a defendant convicted of murder is refused a certificate of probable cause by the superior court, and is also refused a stay of proceedings pending settlement of his bill of exceptions, in order that he may renew the application for such a certificate in the appellate court, a stay will be granted by the chief justice of the supreme court pending the settlement of the bill of exceptions and the application in that court for a certificate of probable cause.

APPLICATION to the Supreme Court for a temporary stay of proceedings pending an appeal. The facts are stated in the opinion of the court.

C. A. Webb, for Petitioner.

BEATTY, C. J. — The defendant in this case was convicted of the crime of murder, and on the twenty-second day of November, 1892, was sentenced to the state prison for life. After appealing to the supreme court, his counsel, on November 23d, for the purpose of staying proceedings pending the appeal, applied to the superior court for a certificate of probable cause. (Pen. Code, sec. 1243.) His application was denied. He then applied for a temporary stay of proceedings pending settlement of his bill of exceptions, in order that he might

renew his application for a certificate of probable cause before a justice of this court.   This was also refused, and he now applies here for such temporary stay.

The defendant, being refused a certificate of probable cause by the judge of the superior court, has a clear statutory right to renew his application here.   (Pen. Code, sec. 1243.)   Such application cannot be heard until the bill of exceptions is settled (*Matter of Adams*, 81 Cal. 163), and the defendant is entitled to ten days after judgment, and such further time as the court may grant, for preparing and presenting a draught of his bill.   At the time the application for a temporary stay was refused, the ten days allowed by law had not elapsed, and the superior judge subsequently granted an extension of sixty days to settle the bill of exceptions.   It was the plain duty of the superior court to stay the proceedings during the time allowed by law for preparing the bill of exceptions, and for such further time as might be necessary for its settlement, provided the defendant exercised proper diligence in its preparation.   (*Matter of Adams*, 81 Cal. 165.) The sixty days' time granted by the court for the settlement of the bill certainly implies that the defendant is reasonably entitled to some extension of the statutory time for presenting his bill, and that sixty days is a reasonable time for its settlement.   If so, it is difficult to perceive upon what theory the temporary stay was denied.

It is ordered that proceedings against defendant be stayed pending the settlement of the bill of exceptions and his application here for a certificate of probable cause.   As it does not appear that the superior court has made any definite order fixing a time within which the defendant must prepare the draught of a bill, that matter is remitted to its discretion, with leave to the people to move to set aside this order if the defendant does not present his bill in time.