Decided February 3, 1898.

## EX PARTE WACHLINE.

[51 Pac. 1094.]

STAY OF EXECUTION — CERTIFICATE OF PROBABLE CAUSE FOR APPEAL.— A justice of the supreme court cannot certify that there is probable cause for an appeal in a criminal case, as provided for by section 1440, Hill's Ann. Laws, unless the errors relied upon are presented in a bill of exceptions, copies of the papers and journal entries are not sufficient to present any question not apparent on their face.

AFFIDAVITS — BILL OF EXCEPTIONS.— Ex parte affidavits filed in the trial court cannot be considered by the appellate court unless embodied in a bill of exceptions.

Original proceeding by Gus Wachline to obtain from one of the judges of the supreme court a certificate of probable cause for appeal in a prosecution wherein he had been convicted of murder in the first degree.

DENIED.

For petitioner there was an oral argument by *Mr. William L. Nutting.*

PER CURIAM. This is an application for a certificate of probable cause in the case of Gus Wachline, recently convicted of murder in the first degree in Washington County. Section 1440 of Hill's

Ann. Laws provides that an appeal from a judgment on a conviction stays the execution of the judgment upon filing with the notice of appeal a certificate of a judge of the court in which the conviction was had, or of a justice of the supreme court, that in his opinion there is probable cause for an appeal, but not otherwise. Now it is apparent that before a justice of the supreme court can certify that in his opinion there is probable cause for an appeal, it must appear from the record presented to him that there is at least some debatable question to be heard on such appeal, but no such showing is made in this case. The only record submitted consists of the indictment, plea, trial, verdict and judgment and some *ex parte* affidavits. It contains no bill of exceptions, and it is not claimed that error can be predicated upon any matter appearing on the face of the record as presented. It is true there are some affidavits, filed by defendant's counsel, that state facts which, if embodied in a bill of exceptions, might furnish a basis upon which a justice of this court could give a certificate of probable cause, but error of the trial court cannot be made so to appear. It will be observed that neither the trial judge nor a justice of this court has any power or authority to stay an execution, or to postpone the execution of a sentence, but the law declares that a certificate of probable cause for an appeal will, when filed with the notice of appeal, operate as such a stay. This being so, there is no alternative but to deny the application.

DENIED.