[Crim. No. 55. In Bank.—June 28, 1899.]

THE PEOPLE, Respondent, v. JOSEPH CLARK, Appellant.

CRIMINAL LAW—DETERMINING PROBABLE CAUSE FOR APPEAL—ABSENCE OF TRIAL JUDGE—TEMPORARY STAY.—Where, owing to the absence of the trial judge on vacation, no application can be made to him for a certificate of probable cause for appeal from a judgment of imprisonment in the state prison, and other judges of the same court refuse to grant a stay of proceedings during his absence, as they might do, the appellate court will not make the usual order staying proceedings until the record can be pre-

sented to this court, but will order a stay until the trial judge returns and hears the application for a certificate of probable cause or until some other judge of the same court, appointed to act in his place, has heard and decided it.

ID.—RIGHT OF APPELLANT.—The appellant from a judgment of conviction of a felony has a right to have it determined by the trial court, or by a justice of this court, whether there is probable cause for his appeal and to have a stay of proceedings in a proper case; and is entitled to a reasonable stay until the matter can be determined.

APPLICATION in the Supreme Court for a stay of proceedings upon appeal from a judgment of imprisonment in the state's prison rendered in the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

L. P. Boardman, for Petitioner.

BEATTY, C. J.—It appears by an affidavit filed herein that the defendant above named has appealed to this court from a judgment of imprisonment in the state prison imposed by the superior court of the city and county of San Francisco, that the judge before whom he was tried is absent from said city and county on vacation, that the presiding judge of said court is also absent, and that the judge temporarily acting in his place refuses to grant any stay of proceedings pending the return of said trial judge. The result is, that the defendant is compelled to apply here for relief to which he was clearly entitled on application to the superior court, and that unless he can obtain a stay of proceedings here he must be deprived of an undoubted statutory right—the right, that is to say, of having it determined by the trial judge, or by a justice of this court, whether there is probable cause for his appeal, and, in case it is found that there is such probable cause, to have the proceedings stayed. (Pen. Code, sec. 1243; *Matter of Adams*, 81 Cal. 163.)

It is beyond question that a part, and a very important part, of the right of appeal, in cases of this kind, is the right to a stay of proceedings in a proper case, and if the judge of the trial court refuses or neglects to pass upon the question whether there is probable cause for the appeal, or improperly denies a

certificate to that effect, the appellant has the right to apply to a justice of this court for such certificate and, as we have said more than once, is entitled to a reasonable stay of proceedings until the record can be made up and certified here for examination. For these reasons, and because some judges of the superior court have refused to grant the stay necessary to enable the appellant to present his application to a justice of this court, we have been compelled, in the exercise of our appellate jurisdiction, to make such orders ourselves.

The present case, however, presents the matter in a new aspect. Owing to the absence of the trial judge on vacation, no application can be made to him, and other judges of the same court, although they undoubtedly have the power to stay the proceedings during his absence, refuse to do so.

We will not, therefore, make the usual order staying proceedings until the record can be presented to a justice of this court, but will make such order as should have been made in the superior court, viz., an order staying proceedings until the trial judge returns and hears the application for a certificate of probable cause, or until some other judge of the same court appointed to act in his place has heard and decided it.

It is so ordered.

Henshaw, J., McFarland, J., Temple, J., Van Dyke, J., and Harrison, J., concurred.