Decided — ———, ——.

## EX PARTE WARREN.

CERTIFICATE OF PROBABLE CAUSE—NECESSITY OF BILL OF EXCEPTIONS.

1. Before a justice of the supreme court can undertake to certify that there is probable cause for an appeal from a judgment in a criminal case, under Section 1440 of Hill's Ann. Laws, the bill of exceptions must have been settled by the trial judge.

NATURE OF RIGHT TO GRANT CERTIFICATE OF PROBABLE CAUSE.

2. The granting or refusal of a certificate of probable cause by a justice of the supreme court is in no sense revisory of the action of the lower court in refusing a certificate, or declining to grant a stay of execution; nor is a justice of the supreme court given by the statutes revisory power over the process of a trial court in refusing a stay of execution in a criminal case, pending the settlement of the bill of exceptions, in the absence of an abuse of discretion.

From Multnomah: MELVIN C. GEORGE, Judge.

James L. Warren was convicted of murder in the second degree and appeals. After several applications for a stay of execution had been granted, further time was refused by the trial judge, whereupon application for a stay was made to Mr.

Justice Wolverton, one of the members of the supreme court, and his decision on the application as a justice of the supreme court is given below.          Application Denied.

*Mr. Henry St. Rayner* and *Mr. A. B. Clark,* for the applicant.

*Mr. Julius C. Moreland, contra.*

Mr. Justice Wolverton.

The defendant having been convicted ·of murder in the second degree, and the court below having refused to grant a certificate of probable cause, he has applied here for a stay of proceedings, pending the settlement and allowance of his bill of exceptions. The court below granted a temporary stay for the purpose of enabling the petitioner to apply to a justice of this court for the certificate, but refused to extend it until the bill of exceptions could be filed. While not in exact form, the application may be considered as one, primarily, for the certificate, and, incidentally, for a stay in the mean while, thus comprising the real question sought to be presented.

The judgment was entered October 29, 1900, and an order made extending the time for the preparation of the bill of exceptions to November 29th. Subsequent orders were made further extending the time to December 10th, then to January 1, 1901, then to January 15th, and finally to February 14th. The notice of appeal was served November 5, 1900, and on the 15th the defendant applied for a certificate of probable cause. On the 7th of December, he filed his affidavit, showing that he was without means, and moved the court to direct the stenographer who acted as official reporter *pro tem.* to make a transcript of her shorthand notes of the testimony and proceedings had at the trial, at the expense of the county, which motion was overruled. He further shows that some time later he procured the necessary means, and on December 20th, through his attorney, directed the stenographer to make the transcript; that, on January 10, 1901, the district attorney

filed a motion requiring a mittimus to issue, directing the sheriff to enforce the judgment, and that thereupon the petitioner caused to be filed the affidavits of Kathryn Beck, the said stenographer, and J. F. Watts, one of the defendant's attorneys, setting forth that, owing to sickness, she (Beck) had been obliged to take a trip to Wisconsin, and that since her return she had devoted as much time to transcribing the evidence as she could consistently with the discharge of her other duties. On the 14th the court refused to issue a certificate of probable cause for the appeal, but made the order referred to staying proceedings until this application could be made.

It is urged that a justice of this court has power to stay the proceedings upon the judgment in criminal cases as an incident to his authority to issue a certificate of probable cause until such time as a bill of exceptions can be brought up, whereby to determine whether the certificate should issue. It is very apparent that this cannot be intelligently determined without the bill of exceptions, or some authenticated record showing probable error, hence it was held, in *Ex parte Wachline*, 32 Or. 204 (51 Pac. 1094), that the certificate could not be granted in the absence of such record. But it is not necessary to a determination of the controversy before me to pass upon the question of power to grant the stay. So I shall not attempt to do so at this time.

1. The court below has undoubted control over its own process, and is presumed to have exercised proper discretion touching all matters intrusted to its judgment. Its orders and judgments cannot be reviewed except by statutory authority, and it must be admitted that the granting or refusal of a certificate of probable cause is in no manner revisory, although it may be granted, even when refused by the lower court. Now, the court below has made four different orders extending the time for the defendant to prepare and file his bill of exceptions. In the mean time, the proceedings have been practically stayed until the last order was entered, January 14th, at which time the court refused to grant a further stay

except to give time to make this application. That was a determination that the execution of the judgment should not be longer delayed, while, at the same time, the court adjudged that the defendant should have more time to present a bill of exceptions. From the showing made it does not very distinctly appear that the defendant will have his bill of exceptions ready by the end of the last extension, then there will be the matter of settlement to be attended to after its presentation, which may prolong the signing. The stay is not inflexibly dependent upon the allowance of the bill of exceptions, but is a matter for separate and distinct consideration, except that the latter should be settled before a justice of this court can grant a certificate of probable cause.

2. So that it comes to the question whether, for this reason alone, a stay should be granted coextensive with the time given to complete the bill of exceptions. The statute has prescribed no such condition, nor do I think the logic of the situation requires it. Courts are usually liberal, and should always be, in giving ample opportunity to parties litigant to prosecute appeals when given under the law, to the end that they may be heard in the court of last resort, and may lose none of their rights. But the same considerations do not apply to a stay of proceedings. Here the inquiry is, does justice require it? The court below, having refused to grant a certificate of probable cause, has said, in effect, that in its opinion there was no cause for an appeal; further than this, it has directly refused to grant the stay except for temporary purposes. Thus, it has explicitly passed upon the question which I am asked to determine to the converse, while it has, under the more liberal rule, permitted further time to the defendant in which to make his appeal effective, if it is possible for him to do so. It is not so much as suggested that there has been an abuse of discretion; and, not being permitted to revise the judgment of the court below in that particular, there exists no valid ground upon which to base an inference with the control of its process. I am cited to *In re Adams*, 81 Cal. 163 (22 Pac. 547), and *People* v. *Lane*, 96 Cal. 596 (31 Pac. 580), as supporting

the practice which the defendant's counsel urge ought to be adopted in this jurisdiction. In the former case, the stay was granted to enable notice to be given the district attorney of the time fixed for hearing the application for the certificate of probable cause. Our statute has provided for this contingency: Hill's Ann. Laws, § 1441. In the latter case, it appears the statute gives the defendant ten days after judgment to present a draft of his bill of exceptions, and Mr. Chief Justice BEATTY held that "it was the plain duty of the superior court to stay the proceedings during the time allowed by law for preparing the bill of exceptions, and for such further time as might be necessary for its settlement, provided the defendant exercised proper diligence in its preparation;" and that the fact of the extension having been allowed for that purpose was evidence that the defendant was reasonably entitled thereto, hence, that a stay should have been granted accordingly. In the case at bar, the court has practically granted a stay for two months and a half, and, by its refusing to further extend the time, it must be assumed that the court was of the opinion that the defendant was not exercising proper diligence in the preparation of his bill of exceptions, and, while it was willing that he should have further time to prepare the same, yet it was time that the judgment should be executed. ·For the reasons here stated, the application will be denied. APPLICATION FOR STAY DENIED.