STATE, RESPONDENT, *v.* McDONALD, APPELLANT.

(No. 1,842.)

AT CHAMBERS.

In the matter of the petition of George A. McDonald for a stay of proceedings.

(Submitted July 9, 1902.    Decided July 9, 1902.)

*Criminal Law—Application for Certificate of Probable Cause —Bail—Stay of Proceedings—Supreme Court.*

1. Application to the supreme court for an order admitting defendant in a criminal appeal to bail will be denied where there is presented with the application no record on appeal containing defendant's bill of exceptions.
2. A defendant in a criminal appeal is entitled to a stay of proceedings from the district court pending settlement of his bill of exceptions where the business of the court prevented an immediate preparation of such bill and the court had extended the time therefor.
3. A temporary stay of proceedings will be granted by the supreme court, or a justice thereof, to enable the defendant in a criminal appeal to prepare his bill of exceptions and his record on appeal, in order that he may apply to the supreme court for a certificate of probable cause and for bail pending his appeal, where the trial court has refused his applications therefor.

GEORGE A. McDONALD was convicted of the crime of grand larceny in the district court of Silver Bow county. From the

judgment of conviction he has appealed. Application for a stay of proceedings under the judgment pending settlement of bill of exceptions presented to MR. CHIEF JUSTICE BRANTLY at chambers. Application granted.

*Mr. L. J. Hamilton,* and *Mr. B. S. Thresher,* for Appellant.

*Mr. James Donovan, Attorney General,* for the State.

MEMORANDUM OPINION.

MR. CHIEF JUSTICE BRANTLY: The defendant in this cause was convicted of the crime of grand larceny, and, on June 26, 1902, was sentenced to serve at hard labor in the state prison for a term of one year. Thereupon he appealed to this court. He then applied to the judge of the district court for a certificate of probable cause (Penal Code, Sec. 2278). This application was denied. Application was then made to the same judge for bail pending the appeal. This was also denied. A like disposition was made of an application to the district court for a temporary stay of proceedings to enable the defendant to prepare his bill of exceptions and his record on appeal, in order that he might apply to this court, or one of its justices, for a certificate of probable cause and for bail pending his appeal. Thereupon, and on June 27, the defendant applied to the supreme court for an order admitting him to bail. The court, after consideration, denied this application for the reason that there was presented with it no record on appeal containing the defendant's bill of exceptions. The order was made without prejudice, however, to another application to the court, or to one of its justices, for bail or for a certificate of probable cause, when the bill could be presented in support of the application. I am now asked for an order staying proceedings under the judgment until the record upon appeal may be properly prepared. It appears that the business of the district court is in such condition that defendant's bill of exceptions cannot be prepared and certified to this court before the 25th of the pres-

ent month, and that that court, for good cause, has enlarged the time for preparing it until that date.

The district court should have granted the stay asked for until the bill could be prepared. (*People* v. *Lane,* 96 Cal. 596, 31 Pac. 580.) As the defendant is now situated, unless a stay is granted, the judgment of the district court will be in process of execution during the time required for the preparation of his bill of exceptions and the presentation of his record on appeal. No possible harm can result from a stay during this time. The effect will be simply to delay the execution of the judgment in the meantime, and until it can be determined whether the defendant is entitled to the relief which he seeks pending his appeal. I have therefore concluded to make the following order:

It is ordered that all proceedings against the defendant be stayed pending a settlement of his bill of exceptions and his application to this court, or to one of its justices, for bail, or for a certificate of probable cause; but such stay shall not extend beyond Saturday, August 2, 1902. The defendant shall give at least three days' notice to the attorney general of any application made in pursuance of this order.