[Civ. No. 622.   Third Appellate District.—May 10, 1909.]

## FREMONT OLDER, Petitioner, v. SUPERIOR COURT OF KERN COUNTY, C. W. NORTON, Judge Presiding, Respondent.

MANDAMUS—JURISDICTION OF DISTRICT COURTS OF APPEAL.—The several district courts of appeal have jurisdiction to issue writs of mandate coextensive with the state.

ID.—ORDINARY RULE OF COMITY—SPECIAL CIRCUMSTANCES JUSTIFYING WRIT.—It is an ordinary rule of comity that the writ should be applied for in the appellate court of the proper district; but there may be special circumstances warranting an appellate court in the full exercise of its jurisdiction over the writ of mandate.

ID.—VENUE OF CRIMINAL LIBEL—JUDGE OF THIS DISTRICT PRESIDING IN SECOND DISTRICT—CHANGE REFUSED FOR WANT OF JURISDICTION—ALTERNATIVE WRIT.—Where a judge of a superior court of this district is trying a criminal libel in Kern county, against publishers residing in San Francisco, and by consent of parties has acted in this district upon an application of the defendants to change the place of trial to San Francisco, for the convenience of witnesses, upon a proper showing, and has refused the same, solely for want of jurisdiction, this court will, under such special circumstances, issue the alternative writ of mandate to the superior court of the county in which such judge is presiding.

APPLICATION for alternative writ of mandate to the Superior Court of Kern County.  C. W. Norton, Superior Judge of San Joaquin County, presiding.

The facts are stated in the opinion of the court.

Hiram W. Johnson, for Petitioner.

THE COURT.—This is an application for an alternative writ of mandate, to compel the respondents to entertain and decide, upon the merits, a certain question involved in petitioner's motion for a change of the place of trial of a certain criminal cause, wherein the petitioner and one R. A. Crothers are the defendants, from the county of Kern to the city and county of San Francisco.

Ordinarily, this court does not feel called upon to file an opinion, giving its reasons for the issuance of a preliminary writ within its jurisdiction to cause to be issued, and ordinarily will not issue such writ where the cause out of which it grows originates in a county not within the territorial jurisdiction of the court.  But, as the action out of which this

application originates is pending in Kern county, which constitutes a part of the second appellate district, and, as we recognize that there should exist between the several district appellate courts such degree of comity as should justify us, ordinarily, in refusing to entertain an application for a writ of any character affecting a cause of action or originating from any cause arising in another district, we think that, as we feel constrained, under the circumstances as presented, to order the issuance of the alternative writ here applied for, it is proper—in fact, it is due our brothers of the second district —to briefly state our reasons therefor.

The facts may thus be briefly stated: The petitioner and the said R. A. Crothers, managing editor and publisher, respectively, of the "San Francisco Bulletin," an evening newspaper published in the city and county of San Francisco, were, on the twenty-fifth day of May, 1908, informed against by the district attorney of Kern county for criminal libel, by publishing an alleged defamatory article concerning one William S. Tevis. Said petitioner and said Crothers, upon being arraigned upon said charge, each entered a plea of not guilty thereto.

Thereafter, the Hon. Paul W. Bennett, judge of the superior court of Kern county, before whom said defendants were arraigned as aforesaid, requested the respondent, the Hon. C. W. Norton, a judge of the superior court of San Joaquin county, to preside at the trial of said defendants, and said Norton consented thereto.

The trial of said defendants was duly fixed for the eleventh day of May, 1909.

On the first day of May, 1909, the petitioner filed with said superior court of Kern county, and served the same upon the district attorney of said county, a notice of motion for a change of the place of the trial of said actions, as before stated.

On the sixth day of May, 1909, upon agreement of counsel, and for the purposes of convenience, said motion was presented and argued before the said respondent, the Hon. C. W. Norton, in the city of Stockton.

Among the grounds alleged for the change of venue in the notice was that for "good cause" other than that specified in section 1033 of the Penal Code, it being alleged that it would be in the interest of justice to order the change as asked for,

and it being further alleged in this connection that there will probably be called to testify in behalf of the defendants in said actions approximately forty witnesses, all of whom either reside in the city of San Francisco or in places conveniently adjacent thereto.

The respondents held that the right of the petitioner to ask for a change of the place of the trial of the action is restricted to the ground specified in said section 1033 of the Penal Code, which provides that such an action may be removed from the court in which it is pending on application of the defendant "on the ground that a fair and impartial trial cannot be had in the county," and refused to pass upon the question of the convenience of witnesses or other "good cause," for the reason that the court was without jurisdiction to do so.

Counsel for petitioner contend that the provision of the constitution enlarges the grounds upon which such a motion may be made in criminal libel actions; that said provision is self-executing, and invests the court with jurisdiction to entertain such motion upon the ground that it would be in the interest of justice to do so, for any good reason, other than that mentioned in section 1033 of the Penal Code—as, for instance, the convenience of witnesses, etc.—which might be made to appear to the satisfaction of the court. In other words, it is petitioner's contention, as we understand it, that, inasmuch as the constitution provides that the venue in a criminal libel action is either in the county where the newspaper committing the alleged libel has its publication office or where the party alleged to be libeled resided at the time of the alleged libelous publication, by the use of the language in said provision, "unless the place of trial shall be changed for good cause," the framers of the constitution intended to authorize the change to be made for any sufficient reason, in addition to that declared in the code section referred to, which might be satisfactorily exhibited to the court, and that the code section cannot, of course, have the effect of restricting or limiting or qualifying any right in this behalf which the constitution itself authorizes.

It will be observed that the only question now presented to us by the petition is, not whether the petitioner's construction of the constitutional provision is sound, but whether the proposition is one which presents a debatable question as to the jurisdiction and duty of the respondents in the matter in-

volved. In other words, we are not now called upon to pass upon or decide the proposition whether a peremptory writ should or should not be granted.

Counsel for petitioner declare, and we must assume that all members of the bar at all times act in good faith with the courts, that it would be inconvenient and in fact impracticable to present this application to the second appellate district court; that they were limited in the time within which to prepare the elaborate petition which has been filed here, and that the actual trial of the petitioner is set for the eleventh day of May, 1909—one day from that on which this application is presented.

The constitution (section 4, article VI) confers upon the district courts of appeal the jurisdiction of issuing writs of mandate, and does not confine the issuance of such writs by such courts within their territorial jurisdiction. But, as a matter of comity, as we have declared, such writs should invariably be applied for to the court of the district in which the cause for the writ arises, unless there are shown, as there are here, special circumstances which justify the issuance of the writ by a court of another district.

An alternative writ of mandate will, therefore, be issued as prayed for.