[Crim. No. 742. Second Appellate District, Division Two.—October 11, 1920.]

In the Matter of the Application of FRED H. MAYEN for a Writ of Habeas Corpus.

[1] APPEAL—ISSUANCE OF CERTIFICATE OF PROBABLE CAUSE—JURISDICTION OF DISTRICT COURTS OF APPEAL.—The justices of the district courts of appeal, by virtue of the provisions of the amendment of section 4, article VI, of the constitution creating said courts and providing that "all statutes now in force allowing, providing for, or regulating appeals to the supreme court shall apply to appeals to the district courts of appeal so far as such statutes are not inconsistent with this article and until the legislature shall otherwise provide," have the same power to issue certificates of probable cause that formerly was vested in the justices of the supreme

court in all criminal cases where appeals were taken to that court from judgments of conviction.

[2] ID.—SUSPENSION OF JUDGMENT—EFFECT OF—TREATMENT OF DEFENDANT.—A stay of execution of a judgment of conviction suspends the judgment and arrests all proceedings thereon during the continuance of the stay; and during the time of the judgment's suspension, the defendant cannot be treated as a convict undergoing punishment for his crime, nor as one who is subject to imprisonment in the state prison—even for the purpose of detention.

[3] ID.—STAY OF EXECUTION—PLACE OF DETENTION.—During the stay of execution and while he is in the custody of the sheriff, a person convicted of a felony is a person confined "by authority of law," within the meaning of subdivision 3 of section 1597 of the Penal Code, and his detention in any other place than the county jail is unwarranted and unlawful.

[4] ID.—CUSTODY BY WRONG PERSON—HABEAS CORPUS.—Where the petitioner in *habeas corpus* is held by one person when another is entitled to his custody, the court is expressly empowered to deliver him to the custody of the person who by law is entitled thereto.

[5] ID.—REVOCATION OF CERTIFICATE OF PROBABLE CAUSE — RIGHT OF APPEAL.—An order of a trial court in a criminal case revoking a certificate of probable cause is not an order affecting the "substantial rights" of the defendant, within the meaning of subdivision 3 of section 1237 of the Penal Code, and, therefore, is not an appealable order.

[6] ID.—ADVERSE ORDER—SUBSTANTIAL RIGHTS—REMEDIES.—Where an order adverse to the defendant in a criminal action is made and the code affords him some remedy therefor that is more effective and expeditious than an appeal would be, such order is not one affecting his "substantial rights," within the meaning of subdivision 3 of section 1237 of the Penal Code.

[7] ID.—CERTIFICATE OF PROBABLE CAUSE—ISSUANCE AND REVOCATION OF BY TRIAL JUDGE—POWER OF JUSTICE OF DISTRICT COURT OF APPEAL TO ISSUE.—A justice of the district court of appeal has the authority, under section 1243 of the Penal Code, to grant a certificate of probable cause after the issuance and subsequent revocation of a certificate of probable cause by the trial judge.

[8] ID.—EFFECT OF CERTIFICATE OF PROBABLE CAUSE.—A certificate of probable cause, by whomever it may have been granted, in all its effects, is, substantially, the equivalent of an order staying execution pending an appeal from a judgment of conviction, and its filing with the clerk operates as a *supersedeas*.

[9] ID.—APPEAL FROM ORDER REVOKING CERTIFICATE—STAY OF EXECUTION.—An appeal from an order of the trial judge revoking his

previously issued certificate of probable cause—assuming such order to be appealable—would not stay execution of the judgment.

[10] ID.—DETENTION BY WRONG PERSON—HABEAS CORPUS—POWER OF DISTRICT COURT OF APPEAL—DUTY OF SHERIFF TO OBEY ORDER.— Where a defendant is entitled to be taken from the state prison and remanded to the custody of the sheriff, that right may be enforced in a proceeding in *habeas corpus* brought in the district court of appeal; and in such a proceeding the justices of that court have the power, and it is their duty, under section 1493 of the Penal Code, to order the defendant taken from the custody of the warden and committed to that of the sheriff until such time as a justice of that court can hear and pass upon his application for a certificate of probable cause, and the sheriff must obey any lawful order they may make remanding the defendant to his custody, even though that officer be not a party to the proceeding.

[11] ID.—REFUSAL OF TRIAL JUDGE TO ISSUE CERTIFICATE OR GRANT STAY—JURISDICTION OF JUSTICE OF DISTRICT COURT OF APPEAL.— The judge of the trial court in which a defendant is convicted and the justices of the district court of appeal to which the appeal from such judgment is taken have original, concurrent, and co-ordinate jurisdiction to issue a certificate of probable cause and to grant a stay of execution of the judgment of conviction until application for a certificate of probable cause can be presented and heard; and a refusal on the part of the trial judge to issue the certificate or to grant the stay is no bar to an exercise of like jurisdiction by a justice of the district court of appeal and the issuance by him of a certificate of probable cause or the grant by him of a stay of execution of the judgment until such time as he can hear and pass upon an application for the certificate.

[12] ID.—HABEAS CORPUS—ISSUANCE BEYOND TERRITORIAL LIMITS— JURISDICTION TO GRANT RELIEF.—Although a judge may have no authority to issue a writ of *habeas corpus* directed to a person holding another in custody beyond certain territorial limits, yet, where he does issue the writ thus directed, and the respondent obeys its mandate by producing in court the person detained, a plea that the court had not jurisdiction to issue the writ should be overruled and the cause of the detention inquired into and such order made as the nature of the case may require.

PROCEEDING in Habeas Corpus to compel the warden of the state prison at San Quentin to deliver the petitioner into the custody of the sheriff of Los Angeles County. Writ granted.

The facts are stated in the opinion of the court.

John C. Cooper and George H. Shreve for Petitioner.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

Thomas Lee Woolwine, W. J. Clark and W. C. Doran, as *Amici Curiae.*

THE COURT.—By this *habeas corpus* proceeding, petitioner seeks an order directing that he be taken from the custody of the warden of the state prison at San Quentin and remanded to the custody of the sheriff of Los Angeles County.

Petitioner, who had been convicted of a felony in the superior court for Los Angeles County and by that court sentenced to the state prison at San Quentin, appealed to this court from the judgment of conviction. Subsequently, the judge of the trial court, pursuant to section 1243 of the Penal Code, issued a certificate of probable cause, certifying that, in his opinion, there is probable cause for the appeal. Thereafter, upon a showing that petitioner had attempted to escape from the county jail, the trial judge, upon motion of the district attorney, ordered that his stay of execution of the sentence be vacated, and directed the clerk forthwith to deliver to the sheriff a commitment committing petitioner to the state prison. In its effect upon petitioner's rights, the order of the trial judge revoking the stay of execution was tantamount to a revocation of his previously issued certificate of probable cause, for the principal, if not the sole, purpose of such certificate is to stay execution of the judgment of conviction pending appeal.

The stay of execution having thus been revoked by the trial judge, and the efficacy of his previously issued certificate of probable cause having thereby been destroyed, application was made here for an order staying execution of the judgment of conviction until such time as the record on appeal from the judgment could be prepared and transmitted to this court, and application made to a justice of this court for a certificate of probable cause. The sheriff, in the meantime, had taken petitioner to the state prison at San Quentin under the judgment and commitment of the superior court. Petitioner was delivered by that officer into the

custody of the warden of the state prison, where he remained until September 23, 1920, when the warden, in obedience to the writ of *habeas corpus* issued in this proceeding, produced petitioner before this court.

Shortly after the trial judge's revocation of his certificate of probable cause and order staying execution of the judgment, this court heard an application for a stay of execution, and on September 18, 1920, ordered that execution of the judgment of conviction be stayed until such time as the record on appeal from the judgment could be prepared and transmitted to the clerk of this court. (See *People* v. *Mayen*, 49 Cal. App. 314, [193 Pac. 173].) This stay of execution was granted by us to enable petitioner to exercise his right under section 1243 to apply to a justice of this court for a certificate of probable cause. The order was made upon the authority of such cases as *People* v. *Lane*, 96 Cal. 596, [31 Pac. 580], *In re Adams*, 81 Cal. 163, [22 Pac. 547], *People* v. *Clark*, 125 Cal. 251, [57 Pac. 986], and *People* v. *Gallanar*, 144 Cal. 656, [79 Pac. 378]. When we made the order staying execution of the sentence, we further ordered that, pending the stay, petitioner be remanded to the custody of the sheriff.

[1] At the argument in this *habeas corpus* proceeding, counsel on both sides, correctly, as we think, assumed that, in any case where it is proper to grant a certificate of probable cause, any justice of this court may grant the certificate, notwithstanding section 1243 does not purport, in express terms, to confer upon the justices of the district courts of appeal power to issue the certificate. That code section has not been amended since the creation of these appellate courts. It reads: "An appeal to the *supreme* court . . . stays the execution of the judgment . . . upon filing . . . a certificate of the judge [of the trial court] . . . or of a justice of the *supreme* court," etc. Though the letter of the section does not confer upon the justices of the several district courts of appeal authority to issue the certificate of probable cause, nor, indeed, authorize issuance of the certificate by a judge or justice of any court, save in those comparatively few cases where an appeal from the judgment of conviction may now be taken to the supreme court, nevertheless, the constitutional amendment whereby the district courts of appeal were created expressly provides

that "all statutes now in force allowing, providing for, or regulating appeals to the supreme court shall apply to appeals to the district courts of appeal so far as such statutes are not inconsistent with this article and until the legislature shall otherwise provide." (Sec. 4, art. VI, Const.) We have no doubt that, in all cases where the appeal has been regularly taken to a district court of appeal, the effect of this constitutional provision is to confer upon the justices of such court the same power to issue certificates of probable cause that formerly was vested in the justices of the supreme court in all criminal cases where appeals were taken to that court from judgments of conviction. This conclusion accords with a uniform practice that, so far as we are aware, has been acquiesced in for many years by bench and bar throughout the state.

[2] The effect of our order staying execution of the sentence was to make illegal petitioner's detention in the state prison during such time as the stay of execution may continue in force. A stay of execution of a judgment of conviction suspends the judgment and arrests all proceedings thereon during the continuance of the stay. The effect of the suspension of the judgment is that, during the time of the judgment's suspension, the defendant cannot be treated as a convict undergoing punishment for his crime, nor as one who is subject to imprisonment in the state prison—even for the purpose of detention. We know of no law under which the warden of the state prison can be compensated for the keep or maintenance of persons not actually serving time as convicts, undergoing all the punishment, including hard labor, that the law says shall be meted out to persons convicted of felony. The whole scope of the law regulating such prisons must be held to provide only for the imprisonment therein of convicts actually undergoing punishment for their crimes. (*Ex parte Arras,* 78 Cal. 304, [20 Pac. 683].) Therefore, pending our stay of execution of the judgment of conviction, petitioner should be remanded to and remain in the custody of the sheriff (*Ex parte Rodley,* 132 Cal. 40, [64 Pac. 91]); and the sheriff must keep his prisoner in the usual place of confinement—the county jail. [3] During the stay of execution and while he is in the custody of the sheriff, petitioner is a person confined "by authority of law," within the meaning of subdivision 3 of

section 1597 of the Penal Code. In *Ex parte Arras, supra,* the court said: "It is provided generally that all persons committed by authority of law shall be confined in the common jails in the several counties. (Pen. Code. sec. 1597.)" The detention of petitioner in any other place than the county jail of Los Angeles County, during the life of the order heretofore made by us staying execution of the judgment is, therefore, unwarranted and unlawful.

[4] Where the petitioner in *habeas corpus* is held by one person when another is entitled to his custody, the court is expressly empowered to deliver him to the custody of the person who by law is entitled thereto. (Pen. Code, sec. 1493; *Ex parte McGuire,* 135 Cal. 339, [87 Am. St. Rep. 105, 67 Pac. 327].) Because the county jail is the only lawful place for petitioner's confinement during our stay of execution of the judgment of conviction, and the sheriff is the only person lawfully entitled to his custody during that time, it will be our duty to deliver him from his unlawful imprisonment in the state prison—unlawful while our stay of execution is in force—and remand him to the custody of the sheriff, to be by that officer kept in confinement in the county jail, unless we shall conclude that there is merit in one or more of the objections raised by the district attorney, who appears here, through his deputies, as *amicus curiae.* These objections we shall now consider.

1. It is claimed by the district attorney that because a certificate of probable cause was issued by the trial judge, petitioner's only remedy is an appeal from that judge's order revoking his previously issued certificate and stay of execution, and that, therefore, this court was without authority to order a stay of execution of the judgment, or, at any rate, that there was no occasion for our order staying execution. The district attorney's argument, as we understand it, runs substantially as follows: The order of the trial judge revoking the certificate of probable cause that previously had been issued by him was an order affecting the substantial rights of the defendant, made after judgment, and, therefore, is an appealable order, under subdivision 3 of section 1237 of the Penal Code; an appeal from such order stays enforcement of the judgment; therefore, such appeal affords the only proper remedy where, as here, the trial judge, having issued a certificate of probable

cause and granted a stay, subsequently revokes such certificate and stay of execution.

This argument is based upon two erroneous assumptions. [5] In the first place, we do not think that the order revoking the certificate of probable cause is an appealable order. We do not think it is an order affecting petitioner's "substantial rights," within the meaning of subdivision 3 of section 1237, under which only those orders made after final judgment are appealable that affect the defendant's "substantial rights." The order revoking the certificate of probable cause did not affect petitioner's "substantial rights" for the reason that he is afforded an adequate and far more expeditious remedy by another code section, section 1243, under which he is permitted to apply to a justice of this court for a certificate of probable cause. [6] It seems to be the settled law of this state that where an order adverse to the defendant in a criminal action is made and the code affords him some remedy therefor that is more effective and expeditious than an appeal would be, such order is not one affecting his "substantial rights," within the meaning of subdivision 3 of section 1237, which declares that "an appeal may be taken by the defendant . . . 3. From an order made after judgment, affecting the substantial rights of the party." Thus, in *People* v. *Jackson*, 138 Cal. 32, [70 Pac. 918], it was held that the refusal of the trial judge to settle a bill of exceptions, though it is an order made after final judgment, is not an order affecting the "substantial rights" of the defendant, for the reason that the remedy specifically provided by section 1174 of the Penal Code is more effective and expeditious than an appeal from the order refusing to settle the bill of exceptions would be.

[7] That the remedy provided by section 1243, the right to apply to a justice of this court for a certificate of probable cause, was available to petitioner, admits of no doubt. The revocation of a certificate of probable cause that has previously been granted leaves the case in the same situation it would have been had the certificate been refused in the first instance. Where the certificate is refused by the trial judge in the first instance, the defendant is permitted to make application to a justice of this court for a certificate of probable cause, even though he may have commenced serving his sentence. (Pen. Code, sec. 1245.) There is no

possible reason, perceivable by us, why the right to apply to a justice of this court for a certificate of probable cause should be denied a defendant in a criminal action merely because the trial judge, having granted the certificate on application to him therefor, later sees fit to revoke it. Section 1243 does not say that application may be made to a justice of this court for a certificate of probable cause when and only when the trial judge has refused the certificate in the first instance. The language of the section is that in all cases, other than capital cases, an appeal from the judgment of conviction stays execution of the judgment upon filing with the clerk "a certificate of the judge of the trial court, or of a justice of the supreme court," certifying that there is probable cause for the appeal. No limitation is placed upon the authority of a justice of the appellate court to issue the certificate if, in his opinion, it should issue. With respect to the issuance of the certificate, the jurisdiction of a justice of the appellate court is co-ordinate with that of the trial judge. It at least is not inferior thereto. Of course, in practice, no justice of this court would consider an application for a certificate of probable cause until the applicant had first invoked the authority of the trial judge to issue the certificate. Any other practice would involve too serious and too frequent interruption of the business of this court. But this does not militate against the fact that the authority of the trial judge and that of a justice of this court to issue the certificate of probable cause are concurrent and co-ordinate. Each, in a qualified sense, exercises original jurisdiction, though the jurisdiction to grant the certificate, when exercised, is exercised in furtherance of this court's appellate jurisdiction. There is, we think, no room to doubt the authority of a justice of this court, under section 1243, to grant a certificate of probable cause after the issuance and subsequent revocation of a certificate of probable cause by the trial judge. [8] A certificate of probable cause, in all its effects, is, substantially, the equivalent of an order staying execution pending an appeal from a judgment of conviction —nothing more and nothing less. Its filing with the clerk, by whomsoever it may have been granted, operates as a *supersedeas*. And such stay or *supersedeas* may be granted by a justice of this court whenever the trial judge refuses

to stay execution of the sentence, whether such refusal to stay execution be brought about by the trial judge's refusal to issue the certificate of probable cause in the first instance or by his revocation of a certificate or a stay of execution previously granted by him. This being so, it follows that, upon the trial judge's revocation of the certificate of probable cause previously issued by him, section 1243 afforded petitioner an effective and expeditious remedy—a remedy far more effective and expeditious than any appeal from the order of revocation would be. Wherefore, we conclude that the order of revocation was not one affecting petitioner's "substantial rights," within the meaning of subdivision 3 of section 1237, and that, therefore, it was not an appealable order.

[9] The other erroneous assumption in the point raised by the district attorney that now is being considered by us, is the assumption that, on an appeal from an order of the trial judge revoking his previously issued certificate of probable cause—assuming such order to be appealable—there can be a stay of execution of the judgment of conviction. With the exception of section 1243 of the Penal Code, we know of no statutory provision permitting a stay of execution in a criminal case. If there be any, it has not been called to our attention. Section 1243 relates solely to an appeal from the "judgment of conviction." An appeal, therefore, from an order made after final judgment would not stay execution of the judgment. (See *Carit* v. *Williams,* 67 Cal. 580, [8 Pac. 93]; *Credits Com. Co.* v. *Superior Court,* 140 Cal. 82, [73 Pac. 1009].)

For the foregoing reasons, we are satisfied that an application to this court, or to a justice thereof, for a stay of execution pending such time as petitioner's application for a certificate of probable cause can be presented and heard here is the only remedy available to him. His right, under section 1243, to apply to a justice of this court for a certificate of probable cause, and his right to a stay of execution of the judgment until such time as such application for the certificate can be presented, heard, and determined, are rights that are inseparably incident to his right to appeal from the judgment of conviction, and should not be denied him simply because the trial judge, after having once issued a

certificate of probable cause, has subsequently deemed it his duty to revoke it.

[10] 2. It is claimed that if petitioner is entitled to be taken from the state prison and remanded to the custody of the sheriff, his sole remedy is by *mandamus* against the sheriff. The basis for this contention is the claim that only by a proceeding to which the sheriff is a party can that officer be effectively directed to take the petitioner into his custody. This argument ignores the fact that the sheriff must obey all lawful orders of this court (subd. 4, sec. 4157, Pol. Code), and that he must receive all persons committed to jail by competent authority. (Sec. 1611, Pen. Code.) By the provision of the Political Code just referred to (subd. 4, sec. 4157), it is provided that "the sheriff must . . . obey all lawful orders and directions of *all* courts held within his county"; and by the Penal Code section last quoted (sec. 1611), it is specifically provided that "the sheriff must receive all persons committed to jail by competent authority." For the reasons stated *supra,* we have the power, and it is our duty, under section 1493 of the Penal Code, to order petitioner taken from the custody of the warden and committed to that of the sheriff until such time as a justice of this court can hear and pass upon his application for a certificate of probable cause. Any commitment to the county jail, or to the custody of the sheriff, that this court may make, is a commitment by "competent authority," within the meaning of section 1611. (*County of Sonoma* v. *Santa Rosa,* 102 Cal. 426, [36 Pac. 810].) The sheriff has no authority to sit in judgment and determine whether this court has exceeded its jurisdiction or not, but must obey any lawful order that we may make remanding petitioner to his custody, even though that officer be not a party to this proceeding. (*County of Sonoma* v. *Santa Rosa, supra.*) Failure on the part of the sheriff to obey any order that we may make committing petitioner to his custody for detention in the county jail until such time as a justice of this court may hear and determine an application for a certificate of probable cause would subject that officer to the penalties provided by law for a disobedience of this court's lawful orders. The sheriff is just as much bound to obey any order that may be made in this proceeding directing him to take petitioner into his custody as he would be to obey any final

order that might be made in a *mandamus* proceeding against him. It follows, therefore, that there is no basis for the claim that petitioner's only proper remedy is *mandamus*. It may not be amiss to say in this connection that we have no reason whatever to doubt the sheriff's loyalty to his oath of office or to surmise that he will not give ready and instant obedience to any order that may be made by this court in this proceeding.

3. It is said that every intendment is in favor of the jurisdiction of the trial judge to revoke his certificate of probable cause, and that, upon this *habeas corpus* proceeding, this court is limited to an inquiry into the trial judge's jurisdiction to make the order revoking his certificate of probable cause. This argument proceeds upon an utter misconception of the ground for our authority to stay execution of the judgment of conviction, pending an application to a justice of this court for a certificate of probable cause, and thereby make petitioner's confinement in the state prison illegal pending the stay of execution. It may be conceded that the trial judge's revocation of the certificate of probable cause, whether for a sufficient or insufficient reason, was well within his jurisdiction, and therefore not subject to collateral attack in this proceeding. But even so, his revocation of his certificate of probable cause, upon whatever ground made, like a refusal by a trial judge in the first instance to issue a certificate of probable cause, does not deprive the defendant in a criminal action of his right to invoke the jurisdiction of a justice of this court to issue a certificate of probable cause. To enable the defendant in a criminal action to exercise his right to make such application to a justice of this court, it is the duty of the trial judge to stay execution of the judgment until application can be made to and determined by a justice of this court. And if, for any reason whatever, the trial judge refuses to issue the certificate of probable cause, or revokes a certificate previously granted by him, and refuses to grant a stay of execution of the judgment until application to a justice of this court to grant a certificate of probable cause can be presented and heard, then, though the trial judge's refusal to issue the certificate, or his revocation thereof, and his refusal to grant the stay, are undoubtedly within his jurisdiction, this court, nevertheless, or a justice thereof, may grant

such stay until defendant's application for the certificate can be presented to and passed upon by a justice of this court. [11] The judge of the trial court and the several justices of this court have original, concurrent, and co-ordinate jurisdiction to issue the certificate and grant the stay; and a refusal on the part of the trial judge to issue the certificate or to grant the stay is no bar to an exercise of like jurisdiction by a justice of this court and the issuance by him of a certificate of probable cause or the grant by him of a stay of execution of the judgment until such time as he can hear and pass upon an application for the certificate. The exercise of such jurisdiction is an exercise of a part of our appellate jurisdiction. (*People* v. *Gallanar, supra; Matter of Adams, supra; People* v. *Clark, supra; People* v. *Lane, supra.*)   For these reasons, we think it clear that the refusal of the trial judge, in the exercise of his unquestionable jurisdiction, to issue the certificate, or his revocation of a certificate already issued by him, does not oust a justice of this court of his jurisdiction and authority to issue the certificate, if, in his opinion, there is probable cause for the appeal. Petitioner's right to an order in this *habeas corpus* proceeding, directing that he be taken from the custody of the warden of the state prison and committing him to the custody of the sheriff, does not require us to hold that the trial judge was without jurisdiction to revoke his certificate of probable cause. The question before us is: What was the effect of our order st... ing execution of the judgment of conviction? Did it make petitioner's further confinement in the state prison unlawful during the life of the stay? What we are concerned with here is the validity of our order, heretofore made, staying execution of the judgment of conviction. If that order was within our jurisdiction, and we are satisfied it was, then the only proper place for petitioner's confinement during the continuance of the stay is the county jail at Los Angeles, and we have the power, in this proceeding, to order that he be kept there and not elsewhere.

4. Finally, it is contended that this court had no power to issue the writ of *habeas corpus* to the warden of the state prison at San Quentin, for the reason that the writ, so it is claimed, may not be issued outside of this appellate district. In this connection reference may be made to *Older* v. *Su-*

*perior Court,* 10 Cal. App. 564, [102 Pac. 829]; and the decision of the supreme court in the same case, 157 Cal. 773, [109 Pac. 478]. Section 4, article VI, of the constitution contains this provision: "The said courts [the district courts of appeal] shall also have power to issue writs of *mandamus, certiorari,* prohibition, and *habeas corpus,* and all other writs necessary or proper to the complete exercise of their appellate jurisdiction. Each of the judges thereof shall have the power to issue writs of *habeas corpus* to any part of his appellate jurisdiction." In the instant case the writ was issued, not by one justice of the court, but by the court itself. The above-quoted language of the constitution affords ground for the contention that the limitation upon the right to issue the writ beyond the territorial limits of our appellate jurisdiction is confined to those cases where the writ is issued by a justice of the court and has no application where the writ is issued by the court itself. As was said by the author of the supreme court's opinion in the Older case: ". . . the language of section 4 of article VI of the constitution is very general, and it may be urged with much force that the words 'necessary or proper to the complete exercise of their appellate jurisdiction' modify, not the words '*mandamus, certiorari,* prohibition, or *habeas corpus,*' but refer exclusively to 'other writs.' This interpretation would give a district court of appeal jurisdiction to issue to any part of the state either of the four writs mentioned by name, but would limit its power to those designated as 'other writs.' " (157 Cal. 773, [109 Pac. 479].) **[12]** However, it will not be necessary to determine whether this court had jurisdiction in this proceeding to issue the writ beyond the territorial limits of its appellate jurisdiction; for, even if it be assumed that the issuance of the writ beyond those limits was unauthorized, nevertheless, the writ did issue, and the warden, to whom it was directed, in obedience thereto, has brought petitioner into this appellate district and has produced him in court. Having been brought before this court, in obedience to the writ, we are not disposed to scan too critically the mode by which he got here, but to hold that, being here, the court has authority to make such order as the nature of the case may require. It was held by the supreme court of Georgia, in *Simmons* v. *Georgia Iron & Coal Co.,* 117 Ga. 305, [61 L. R. A. 739, 43 S. E. 780], that although a

judge may have no authority to issue a writ of *habeas corpus* directed to a person holding another in custody beyond certain territorial limits, yet, where he does issue the writ thus directed, and respondent obeys its mandate by producing into court the person detained, a plea that the court had no jurisdiction to issue the writ should be overruled and the cause of the detention inquired into. With this view of the law we are in full accord.

Our conclusion is that the confinement of petitioner in the state prison, during the continuance of our order staying execution of the judgment of conviction, is unwarranted and illegal, and that, during such time as our order staying execution may be in force, he should be remanded to the custody of the sheriff of Los Angeles County, to be by him confined in the county jail in that county.

It is so ordered.