STATE, RESPONDENT, *v.* PARMENTER, APPELLANT.

(No. 8,173.)

(Filed December 12, 1940.)

[108 Pac. (2d) 600.]

*Mr. J. D. Taylor, Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* for Applicant.

## MEMORANDUM OPINION AND ORDER.

### MR. CHIEF JUSTICE JOHNSON:

The defendant in this cause was convicted of the crime of ▮ embezzlement of public moneys, and on December 7, 1940, was sentenced to serve six years at hard labor in the state penitentiary at Deer Lodge. Thereupon he appealed to this court and was granted by the district court sixty days in addition to the time allowed by law in which to prepare, serve and file his bill of exceptions.

Defendant thereupon applied to the judge of the district court for a certificate of probable cause, which was denied. Thereafter on December 10, 1940, he applied to the trial judge for a stay of proceedings until a bill of exceptions could be settled and allowed, a transcript on appeal filed herein, and application made to one of the Justices of this court for a certificate of probable cause. The application was not granted in full, but on December 11, 1940, the trial judge made an order staying proceedings until December 15, 1940, and reciting that if a certificate of probable cause had not been issued by the supreme court on or before December 16, 1940, the judgment should be executed forthwith.

A similar case was presented to this court in *State* v. *McDonald,* 27 Mont. 66, 69 Pac. 323. Upon a prior application in

the *McDonald Case,* a certificate of probable cause had been denied for the reason that no record on appeal had been presented or filed containing the defendant's bill of exceptions. In the memorandum opinion in that case, Mr. Chief Justice Brantly said: "The district court should have granted the stay asked for until the bill could be prepared. (*People* v. *Lane,* 96 Cal. 596, 31 Pac. 580.) As the defendant is now situated, unless a stay is granted, the judgment of the district court will be in process of execution during the time required for the preparation of his bill of exceptions and the presentation of his record on appeal. No possible harm can result from a stay during this time. The effect will be simply to delay the execution of the judgment in the meantime, and until it can be determined whether the defendant is entitled to the relief which he seeks pending his appeal."

And in *State* v. *Dahlgren,* 74 Mont. 217, 239 Pac. 775, 780, this court said, in an opinion by Mr. Associate Justice Galen: "The defendant has a constitutional right to have his case reviewed on appeal by the supreme court, and, since the question as to whether or not the judgment of conviction would be sustained was at least debatable, there was no good reason why the defendant should be compelled to be incarcerated in the state prison, and there remain until decision rendered by this court on his appeal. This case furnishes an excellent illustration of the manifest injustice which may be done to a person convicted of crime, when from the record it is doubtful as to whether or not the judgment of conviction will be sustained upon appeal."

The appeal will apparently present a substantial question of former jeopardy, and it is apparent that until the bill of exceptions is prepared and settled and the record on appeal filed herein, the Justices of this court will not be in a position to determine whether a certificate of probable cause should issue. For that reason it is ordered, on the authority of *State* v. *McDonald,* supra, that all proceedings against the defendant in the District Court of the Fourth Judicial District of the State of Montana in and for the County of Ravalli in the above-entitled

cause be stayed pending a settlement of his bill of exceptions and his application to this court, or to one of its Justices, for a certificate of probable cause; but such stay shall not extend beyond Tuesday, February 20, 1941. The defendant shall give at least three days' notice to the attorney general of any application made in pursuance of this order.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, ERICKSON and ARNOLD concur.