STATE, Respondent, *v.* DILLON, Appellant.
No. 8951.
Submitted December 23, 1949. Decided January 4, 1950.

Messrs. Greenan & Manion, Great Falls, for plaintiff and appellant.

Mr. Robert J. Nelson, County Atty., Great Falls, Mr. John D. Stafford, Deputy County Atty., Great Falls, Mr. W. H. Swanberg, Deputy County Atty., Great Falls, Mr. Arnold H. Olsen, Atty. Gen., for respondent.

PER CURIAM.

The defendant was convicted in the District Court of Cascade County of the crime of murder in the second degree and on October 31, 1949, was sentenced to serve at hard labor in the state prison for a term of 30 years. Thereupon she moved for a new trial. The motion was denied. Thereupon she appealed to this Court. She then applied to the judge of the district court for a certificate of probable cause and for admission to bail pending the appeal. This application was also denied. Thereafter, on December 23, 1949, she filed in this Court her petition for a certificate of probable cause, stay of execution and admission to bail pending determination of the case on appeal, whereupon an order to show cause issued returnable in this Court on January 4, 1950.

24

The county attorney and defendant's counsel on this date appeared and orally argued the petition. The record on the appeal has not been filed in the office of the Clerk of this Court and respective counsel conceded that although a bill of exceptions is being prepared it will not be completed nor settled for some time because of the number of witnesses examined and the amount of evidence presented.

Defendant's counsel stated to the Court that without admission to bail an order staying execution would be of no use or benefit to defendant.

The Court after due consideration, orders that defendant's petition be denied for the reason that no record on appeal containing defendant's bill of exceptions has been filed or presented to this Court. The order is made without prejudice, however, to another application to the Court or to one of its Justices for bail or for a certificate of probable cause when the record on appeal is filed in the office of the Clerk of this Court in support of the application. See Supreme Court Rule V; State v. McDonald, 27 Mont. 66, 69 Pac. 323.