No. 9155. STATE OF MONTANA, Respondent, v. ROBUCK, Appellant.
Decided Dec. 19, 1951.
238 Pac. (2d) 1907.
See 24 C. J. S. Criminal Law, § 1658.

Charles F. Moses, Billings, for Appellant.
Arnold H. Olsen, Atty. Gen., Charles B. Sande, County Attorney, Billings, for Respondent.
MR. CHIEF JUSTICE ADAIR:
The petitioner was convicted of the crime of robbery and was sentenced to serve a term of five years in the state prison. Four days after pronouncement of sentence petitioner applied to the

trial judge for a certificate of probable cause but such judge refused to issue the certificate and petitioner was delivered to the state prison where she has since been confined. Also four days after sentence was pronounced, petitioner made a motion for a new trial. This motion was denied and on the following day, June 22, 1951, petitioner served and filed her notice of appeal.

On November 26, 1951, the trial judge signed, settled and allowed petitioner's bill of exceptions. On December 6, 1951, the transcript on appeal was filed in the office of the clerk of this court and thereafter petitioner applied here for the issuance of a certificate of probable cause.

The petitioner has a constitutional right to have her case reviewed by the supreme court. She has taken a timely appeal and proper steps to place before this court a transcript of the entire proceeding had in the court below.

The record discloses that the question as to whether or not the judgment of conviction is to be sustained is at least debatable, and as in State v. Dahlgren, 74 Mont. 217, 235, 239 Pac. 775, 781, "the certificate of probable cause should have been issued unhesitatingly by the district court." See also State v. McDonald, 27 Mont. 66, 69 Pac. 323. We are issuing the certificate of probable cause forthwith and direct that the district court shall fix bail in a reasonable amount.